Hilton, Appellant, vs. Hayes and another, Respondents.

*April 30—May 31, 1913.*

*Negligence: Operation of elevator: Personal injury: Evidence: Admissions against interest: Impeachment of witness: Instructions to jury: Appeal: Harmless errors: Damages: Verdict indicating passion or prejudice.*

1. In an action for personal injuries alleged to have been caused by negligence in the operation of an elevator, it was not prejudicial error to exclude evidence of a statement made to the plaintiff by one of the defendants, who had no personal knowledge of the facts, to the effect that plaintiff was entitled to damages and that he (being insured) would like to see him

get them,—the jury having found that both the elevator boy and the plaintiff were negligent.

2. Such a statement could not be regarded under the circumstances as an admission against interest; and it was rather a legal conclusion than an admission of fact.

3. Evidence as to what a witness said on a previous occasion is admissible only as impeaching his veracity, not as substantive proof of any fact in the case, the theory of this method of impeachment being that the witness has made contradictory statements; hence he cannot be questioned as to his mere *omission* of certain details in a previous account of the occurrence about which he has testified.

4. Refusal to give requested instructions as to defendant's duty in the management of an elevator in which plaintiff was hurt is rendered immaterial by a finding of the jury that defendant was negligent.

5. In an action for personal injuries sustained by plaintiff while attempting to leave an elevator, where the only act of contributory negligence which could be reasonably claimed under the evidence was that plaintiff attempted to leave the car after it had started downward, it was not error to refuse to give an instruction, requested by plaintiff, having reference only to acts impelled by the presence of imminent danger.

6. It is not error to refuse instructions which, though correct in law and applicable to the facts, are substantially covered by the general charge.

7. In an action for a personal injury, where there was much conflict in the testimony as to whether or not the injury was a serious one, a finding fixing the damages at only $250 is *held* not so clearly indicative of passion or prejudice as to vitiate the verdict.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Personal injuries. The plaintiff, a man thirty-eight years of age, was injured while attempting to leave a passenger elevator in defendants' four-story office building in Janesville on the 30th day of March, 1911. It appears that the plaintiff entered the car on the fourth floor of the building and that Mr. Chas. E. Pierce and Miss Janet Phillips entered the car at the same time. The elevator boy was the only other occupant of the car. As it reached the second floor the

boy stopped the car on signal from Mr. Pierce, who immediately left the car and proceeded toward his office. The testimony at this point ceases to agree. The plaintiff testifies that he followed Mr. Pierce at once, and just as he had extended his left leg into the corridor about two feet from the edge of the floor the car began to descend rapidly; that it descended so rapidly that his left leg was caught above the knee between the hood of the elevator and the moulding at the edge of the floor (a space of about two and one-fourth to two and one-half inches), and he hung suspended by his leg until the car reached the bottom of the shaft, when he dropped to the floor of the elevator. The testimony of Miss Phillips and the elevator boy tended to show that the plaintiff started to get out of the car after it had started downward and while the boy was closing the door, and that his leg was not caught as he claims, but that he fell down on to the floor of the car as it descended, and received his injuries in some way during the fall. There was an injury of some consequence to the left leg, but the testimony as to the seriousness of it was quite conflicting.

The jury returned the following special verdict:

"(1) Were the defendants guilty of negligence in the operation of the elevator at the time of the injury? A. Yes.

"(2) If you answer the first question in the negative, you need not answer this, but if you answer the first question in the affirmative, then answer this: Was such negligence on part of the defendants the proximate cause of the injury? A. Yes.

"(3) Was the plaintiff, L. L. Hilton, guilty of any want of ordinary care which proximately contributed to produce the injury? A. Yes.

"(4) If the court should be of the opinion that the plaintiff is entitled to recover, what sum of money will compensate him for the injury received? A. $250."

Judgment being rendered for the defendants on this verdict, the plaintiff appeals.

For the appellant there was a brief by *Adams & Edgar*, and oral argument by *R. A. Edgar* and *H. W. Adams*.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *M. O. Mouat*.

WINSLOW, C. J.    If the jury's conclusion that the plaintiff was guilty of contributory negligence was reached without prejudicial error the judgment must be affirmed.    The contentions which are deemed of sufficient importance to require treatment will be taken up in their order:

1. Plaintiff offered to show that some time after the accident he had a conversation with *Dennis Hayes*, one of the defendants, in the course of which *Dennis* said to him, after inquiring as to his condition, "Well, you were hurt here and entitled to damages, and I would like to see you get them," to which plaintiff replied, "Then you have insurance on the elevator?" and *Dennis* answered, "Oh, yes, it doesn't make any difference to us."    This evidence was excluded by the court and exception taken.

The theory is that this was an admission of fact against interest made by one of the defendants, and hence admissible against him under familiar rules of evidence.    There are several answers to the proposition, and the first is that even if it be called an admission it does not appear to have been against interest, because if the liability insurance was carried on the elevator, as it is claimed *Dennis* said, then the defendants had no financial interest in the result of the action, and the remark seems to have been the mere expression of a friendly desire that the plaintiff might get remuneration from the insurance company.    But in addition to this consideration it appears conclusively, we think, that the remark was not a statement or concession of any fact, but at most a legal conclusion.    *Dennis* was not present at the time of the acci-

dent, and whatever knowledge he had was acquired from hearsay statements; so it is conclusively demonstrated that his statement that plaintiff was entitled to damages was simply his own conclusion from what he had heard others say. If it meant that the elevator boy was negligent, its exclusion was harmless, because the jury so found. If it meant that plaintiff was free from contributory negligence, it has little or no probative force, because *Dennis* had no personal knowledge of the facts. While an admission not based on personal knowledge may be admissible under certain circumstances (*Shaddock v. Clifton,* 22 Wis. 114; *Chapman v. C. & N. W. R. Co.* 26 Wis. 295), it is certainly not prejudicial error to exclude a statement of such an indefinite and equivocal character as the present when made by a witness who has no personal knowledge of the facts. *Binewicz v. Haglin,* 103 Minn. 297, 115 N. W. 271; 16 Cyc. 1045.

2. Mrs. Janet Hoffman (who was Miss Janet Phillips at the time of the accident, and was the fourth occupant of the car) gave an account of the accident as a witness for the defendants, in which she stated that the plaintiff attempted to leave the car after it had started down, and as the car descended grabbed the elevator boy and fell backwards on to the floor of the car. Upon cross-examination she admitted that she had a conversation with a certain Mrs. Duggan concerning the accident at a certain time and place, and in response to direct questions denied that she made certain statements concerning the details of the accident to Mrs. Duggan at that time. Finally she was asked whether she discussed the details of the accident, and whether she said anything in that conversation about Hilton's taking hold of the elevator boy. Objections to these questions were sustained; and these rulings are assigned as error.

We think there was no error here. The evidence as to

what the witness said to Mrs. Duggan was only admissible as impeaching her veracity,—not as substantive proof of any fact in the case. If she made any statements to Mrs. Duggan contradictory to or inconsistent with her statements on the witness stand, the fact might be shown after her attention had been called to them and she had denied them or failed to definitely admit them, but here the effort was to show that she did not say something to Mrs. Duggan which she said upon the trial. The theory on which this kind of impeachment is based is that the witness has previously made a positive contradictory statement,—not that the witness has kept silence. There was therefore no error in this ruling.

3. A number of instructions requested by the plaintiff relating to the duty of the defendants in the management of the elevator were refused by the court, and these rulings are now assailed. Inasmuch as the jury found the defendants guilty of negligence, it is plain that the question as to the correctness of these rulings is now wholly immaterial.

4. The plaintiff's counsel requested the giving of the following instruction, which was refused, and exception taken:

"In considering whether the plaintiff was guilty of any want of ordinary care which contributed to the injury you are instructed that one who is compelled to act at once in the presence of imminent danger cannot be held guilty of contributory negligence as a matter of law merely because he does not choose the best means of escaping from the danger. Nor is contributory negligence always chargeable upon the failure to exercise the greatest prudence or the best of judgment in cases where a person is required to act suddenly or in an emergency."

The refusal to give this instruction was correct because it was inapplicable to the case. The only act of contributory negligence which could be reasonably claimed was that the plaintiff started to leave the car after it had started down-

ward.    If he did do this his act was undoubtedly negligence, and under no theory could it be said that it was an act impelled by the presence of imminent danger.

5. It is said that the court erroneously refused to charge the jury as follows:

"In considering the first and third questions you are instructed that when any one passenger on an elevator has directed the operator to stop the elevator at a certain floor, it is not necessary for every other passenger who desired to get off at that floor to repeat the direction, but it is the duty of the operator to stop at such floor for a length of time sufficient for that passenger and any other passengers who desire to alight at the floor to do so; and, before again starting the elevator, it is his duty to use reasonable care to ascertain if there are other persons in the act of getting off.

"In considering whether plaintiff was guilty of any want of ordinary care which contributed to the injury, you are instructed that when the door of a passenger elevator is thrown open in such a way as to invite passengers to alight, it is not the duty of a passenger to stop and listen or make an examination before departing from it.   He has a right to assume that the one maintaining the elevator will do his full duty in protecting him, and it is immaterial that he does not tell the elevator boy that he is about to alight."

The court charged the jury on the question of contributory negligence as follows:

"(Ordinary care, as that term is here used, is such care as persons of ordinary prudence and intelligence would usually exercise under the same or similar circumstances.   The question embraces two elements, namely, whether there was a failure on part of the plaintiff to exercise ordinary care, and if so whether it proximately contributed to bring the injury upon him.   If you find that the plaintiff was guilty of a want of ordinary care, you must further find, in order to answer the question in the affirmative, that in some degree plaintiff's want of ordinary care contributed to produce the injury as

a natural and probable result and that he, as a person of ordinary prudence and intelligence, ought reasonably to have foreseen that some personal injury might probably result therefrom.)

"(Passengers on an elevator car are in duty bound to indicate in some manner promptly when the car stops, or before, that they intend to get out,) and the operator is then bound to give them reasonable time to do so safely, and then to look and ascertain whether there are others in the act of passing out, or indicating an intention to do so, before he again starts the car in motion; but (whether sufficient time be given to pass out or not, in other words, whether the operator does his full duty or not, no passenger is excusable if he attempts to step out of the car after it has started and such fact is perceptible to him in the ordinary exercise of his senses.)    (If, therefore, you find from the evidence in this case, that the plaintiff attempted to step out of the car after it had started to descend, and that he knew, or in the exercise of ordinary care ought to have known, that the car had started, then he did not exercise such care as persons of ordinary prudence and intelligence usually exercise under the same or similar circumstances, and that he was therefore guilty of a want of ordinary care which he might reasonably have foreseen might result in or contribute to some personal injury,—in other words, was guilty of a want of ordinary care which proximately contributed to the injury.)"

The charge given by the court covers the case fully and fairly, and we deem that it was not necessary to go further. So far as the requested instructions are correct and applicable to the facts, we think they were substantially covered by the charge of the court.

6. It is finally said that the damages awarded by the jury are so small as to demonstrate that the jury was moved by passion or prejudice, and hence that the entire verdict is vitiated thereby and should be set aside.    After careful examination of the evidence we find ourselves unable to agree with this contention.    There is much conflict on the question whether the injury was a serious one or not, and we cannot

say that the verdict of the jury as to the amount of the damages is unsupported by the evidence.

The plaintiff has been defeated after a careful trial, during which he was given full opportunity to present his case. No substantial errors in the rulings appear, and the judgment must stand.

*By the Court.*—Judgment affirmed.