STATE, Respondent, vs. MAJOR, Appellant.

*October 12—November 7, 1956.*

For the appellant there was a brief and oral argument by *Theodore W. Coggs, Leonard V. Brady,* and *Harvey L. McCormick,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *William J. McCauley,* district attorney of Milwaukee county, and *Hugh R. O'Connell,* special assistant district attorney, and oral argument by *Mr. Platz* and *Mr. O'Connell.*

MARTIN, J.   In ruling on the motion for a new trial the trial court stated it considered the repudiated statement a part of the state's affirmative proof because in numerous details it was corroborated by the testimony of the police officers. The state contends that the ruling was a proper application of sec. 325.35, Stats., which provides:

"Where testimony of a witness on the trial in a criminal action is inconsistent with a statement previously made by him and reduced to writing and approved by him or taken by a phonographic reporter, he may, in the discretion of the court, be regarded as a hostile witness and examined as an adverse witness, and the party producing him may impeach him by evidence of such prior contradictory statement."

This court has long adhered to the majority rule that previous inconsistent statements of a witness cannot be accorded any value as substantive evidence. 58 Am. Jur., Witnesses, p. 449, sec. 804; *Hilton v. Hayes* (1913), 154 Wis. 27, 141 N. W. 1015; *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194; *Jaster v. Miller* (1955), 269 Wis. 223, 69 N. W. (2d) 265.   See also Anno. 133 A. L. R. 1454.   Very recently the orthodox rule was reaffirmed in Michigan, *Estate of Dalton* (Mich. 1956), 78 N. W. (2d) 266.

In a criminal action, examination of a hostile witness as an adverse witness allows the prosecutor to examine without being bound by the witness' answers and provides the opportunity to repair the harm done to the state's case by surprise, but the statute shows no intention on the part of the legislature to allow hearsay evidence to be considered as proof of the facts. The creation of sec. 325.35, Stats., by the enactment of ch. 535, Laws of 1945, in no way changed the rule of evidence. In enacting the chapter the legislature declared it to be an act "relating to the *impeachment* of hostile witnesses in criminal actions." Impeachment goes only to the credibility of the witness and the negation of his testimony.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.