RAY, Plaintiff in error, v. STATE, Defendant in error.

*January 11—January 31, 1967.*

For the plaintiff in error there was a brief by *Duffy, Dewane, Miller, Gerlikowski & Suemnick* of Green Bay, and oral argument by *Donald D. Miller.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney gen-

eral, *William A. Platz,* assistant attorney general, and *Robert R. Flatley,* district attorney of Brown county.

HEFFERNAN, J. The only question presented by the defendant on this appeal is whether there was sufficient evidence to support the trial court's finding of guilt. The defendant contends that the only evidence sufficient to convict him was that contained in a confession which he claims was elicited from him by threats and other coercion.

It appears that, subsequent to the defendant's return to the reformatory, he was questioned by one of the staff members and that he signed a confession giving the details of his escape. He states that there was an implied threat of force if he did not sign the confession and that he was deprived of cigarettes and other privileges accorded to some of the prisoners. This first confession, however, was not introduced into evidence at the trial and played no part in the state's case against the defendant. It is not necessary, therefore, to make any determination in regard to it. Another confession, however, was introduced into evidence. This confession was elicited from the defendant on August 14th by a member of the Brown county sheriff's department, whose investigatory duties included the interviewing of inmates who had escaped from the state reformatory. The defendant, however, admitted on cross-examination that he had given the statement, that he signed it, that no force or threats to obtain the statement had been used, that he had not requested a lawyer before giving the statement, and that he had given the statement voluntarily. *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. (2d) 694, contrary to defendant's assertion, is not applicable, since it applies only to cases commenced after June 13, 1966. The defendant would also invoke the protection of *Escobedo v. Illinois* (1964), 378 U. S.

478, 84 Sup. Ct. 1758, 12 L. Ed. (2d) 977. We have, however, repeatedly stated that *Escobedo* is inapplicable unless the prisoner has requested counsel and that request has been denied. *Simpson v. State* (1966), 32 Wis. (2d) 195, 203, 145 N. W. (2d) 206; *Neuenfeldt v. State* (1965), 29 Wis. (2d) 20, 138 N. W. (2d) 252; *State v. Burnett* (1966), 30 Wis. (2d) 375, 141 N. W. (2d) 221; *Phillips v. State* (1966), 29 Wis. (2d) 521, 139 N. W. (2d) 41; *State ex rel. Goodchild v. Burke* (1965), 27 Wis. (2d) 244, 133 N. W. (2d) 753. We have recently said in *Holloway v. State* (1966), 32 Wis. (2d) 559, 146 N. W. (2d) 441, that our prior interpretations of *Escobedo,* limiting its applicability to its very facts, have not been altered by the subsequent decision in *Miranda.*

Accordingly, we conclude that the confession of August 14, 1963, was properly admitted into evidence. A reading of that confession indicates that the defendant took off from the camp and that he hitchhiked to Milwaukee, where he was apprehended. However, this confession is far less damning than the defendant's own trial testimony, which even without the confession of August 14th is sufficient to support the conviction. The defendant, on trial, stated that he was subject to psychomotor or epileptic seizures and that on the night in question he blacked out shortly after deciding to go to bed and that he regained consciousness after he was outside of the confines of the camp. He did not testify that any seizure handicapped him after his return to consciousness outside of the prison camp. He stated that when he was in Milwaukee he was trying to get away, "I didn't want to give myself up and when I turned around to run and when the cops come I ran and I finally realized that it didn't do any good and I stopped and let them catch me."

Even assuming that the original departure occurred while under the influence of a seizure, we pointed out recently in *Parent v. State* (1966), 31 Wis. (2d) 106,

141 N. W. (2d) 878, that escape is a continuing offense and, though the mental or physical condition of the defendant at the time he left the prison grounds might have prevented him from forming the requisite intent to escape, the crime was completed at such time as the individual regained cognition and volition and failed to return to prison. In the *Parent Case* the defendant claimed intoxication. In this case he claims a mental hiatus by virtue of a psychomotor seizure. The very statement of the defendant in regard to his conduct in Milwaukee establishes beyond a reasonable doubt that he was guilty of the continuing offense of escape.

Under these circumstances, even though it were error to admit the confession, and we find that it was not, that error would have been nonprejudicial inasmuch as there was sufficient additional evidence to sustain the finding of guilt beyond a reasonable doubt. This was a trial before a court, and we have frequently stated that under such a circumstance the admission of improper evidence is to be regarded as harmless unless it clearly appears that but for that evidence the finding would probably have been different. *Gauthier v. State* (1965), 28 Wis. (2d) 412, 137 N. W. (2d) 101; *Birmingham v. State* (1938), 228 Wis. 448, 454, 279 N. W. 15; *Topolewski v. State* (1906), 130 Wis. 244, 109 N. W. 1037. The statements of the defendant at trial standing alone sufficiently support the court's verdict. We therefore conclude that the appeal is without merit.

*By the Court.*—Judgment affirmed.