STATE, Respondent, v. MATHIS, Appellant.

*No. State 97. Argued May 8, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 729.)

456

For the appellant there was a brief by *Malloy & Mayew* and *John E. Malloy* and *Donald E. Mayew,* all of Kenosha, and oral argument by *John E. Malloy.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Joseph B. Molinaro,* district attorney of Kenosha county.

ROBERT W. HANSEN, J. It was within the discretion of the trial court to deny defendant's motions for withdrawal of his plea of guilty. The trial court found, and the record confirms, that the plea of guilty and waiver of right to counsel were freely, voluntarily and understandingly made. There is no claim made or makable that ". . . the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed." [1]  Actually, the same defendant had appeared before the same judge on the same charges of burglary only a few months earlier. He had been found guilty and placed on probation. As the trial judge

[1] *State v. Reppin* (1967), 35 Wis. 2d 377, 385, 151 N. W. 2d 9.

commented, "The court is perfectly satisfied in its mind that you are quite experienced in the ways the court operates due to the fact that you have a considerable background of being before the court." The record establishes that the defendant stated that he was aware of the maximum penalty he could receive upon conviction on three burglary charges. Defendant made or makes no allegations as to either threats or promises. While procedures heretofore suggested [2] were not to the letter followed, defendant was adequately informed of his rights, including his right to counsel.

The plea of guilty makes immaterial questions concerning right to counsel at the time of police interrogation, [3] a right which this defendant should have affirmatively requested. [4] The plea of guilty also waives questions concerning an allegedly invalid search and seizure, since defendant does not contend that this alleged violation of his rights caused him to plead guilty. [5] Where there has been a plea of guilty knowledgeably, voluntarily and freely given, the trial court was entitled to deny the motion for vacation of judgment and withdrawal of plea. Where the trial court in its discretion found no arguable merit in the motions, it was not required to appoint counsel for defendant on the oral or subsequent written motion for vacation of judgment and withdrawal of plea. [6]

As to defendant's request for a new trial in the interest of justice, the record here provides no firm foundation for the relief requested. This is a discretionary

---

[2] *State ex rel. Burnette v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91.

[3] *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545.

[4] *Ray v. State* (1967), 33 Wis. 2d 685, 148 N. W. 2d 31. (This case is "pre-*Miranda*.")

[5] *See Hawkins v. State, supra,* footnote 3, at page 448; and *State v. Reppin, supra,* footnote 1, at page 390.

[6] *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295.

authority, statutorily provided for,[7] that is to be used with caution.[8] The statute is intended as an emergency exit for the probably innocent, not as an escape hatch for the admittedly guilty. Where this court is convinced that the defendant should not have been found guilty and that justice demands that there be another trial,[9] the statute authorizes granting a new trial in the interest of justice. We are not at all so convinced in this case.

On the issue raised as to the entitlement of the defendant to appointment of counsel at the time of sentencing, we uphold the finding of the trial court that the defendant did not withdraw his waiver of counsel in the present case and did not request appointed counsel as to the sentencing phase of the present proceedings. If he had done so, he would have been entitled to appointment of counsel at the sentencing phase of the case even though his having appeared before the same judge on the same charge a short time earlier and receiving probation made a second chance at probation less than likely. Burglars who commit additional burglaries while on probation for burglary hardly expect probation consideration on the subsequent burglary convictions.

It is not claimed that the defendant either withdrew his waiver of right to counsel or requested appointment of an attorney in the sentencing phase of this case. No such claim is made in appellant's brief or in oral argument, and the record would not sustain it if made. It is true that the defendant, on the date set for imposition of sentence, did request the court that he be permitted to withdraw his plea of guilty, that he be permitted to enter a plea of not guilty, that (on a new trial) he be permitted to present additional information and that

[7] Sec. 251.09, Stats.

[8] *Ferry v. State* (1954), 266 Wis. 508, 511, 63 N. W. 2d 741.

[9] *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.

counsel be appointed (for such new trial). It is apparent that the defendant was referring to appointment of counsel only if he were permitted to change his plea and if a new trial were ordered. The trial court so held, finding that the request in this context did not interrupt the continuing nature of the waiver of counsel earlier made.

Given the fact of an intelligent and knowledgeable waiver of counsel, such waiver continues through the proceedings until, by some act of the defendant, it is withdrawn or the presumption of continuance interrupted.

Here the waiver of right to counsel was clearly and unmistakably made. On his initial appearance before the magistrate, the defendant was informed of his rights, including the right to have an attorney appointed for him. He waived both the right to appointment of counsel and to a preliminary hearing. At his arraignment, he was again informed of his rights, including the right to appointment of counsel. He specifically stated that he did not wish counsel appointed to represent him. Such waivers of the right to counsel extend from the initial stages of the case through the trial and sentencing. It has been held that unusual circumstances or developments place the trial court upon notice to make further inquiry as to whether the waiver is being withdrawn.[10] However, under the special facts and circumstances of this case, we do not find the request for change of plea and new trial indicated a desire or disposition .on the part of the defendant to have an attorney on the sentencing phase of the case in which he had been found guilty. The oral motion and statement made by the defendant fell short of the affirmative action

[10] *Davis v. United States* (8th Cir. 1955), 226 Fed. 2d 834, certiorari denied, 351 U. S. 912, 76 Sup. Ct. 702, 100 L. Ed. 1446. *See also Panagos v. United States* (10th Cir. 1963), 324 Fed. 2d 764.

on the part of the defendant required to reinstate the right to counsel or to require the trial court to ascertain whether such reinstatement was being requested.

*By the Court.*—Order affirmed.

WILKIE, J. (*dissenting in part*). While I agree with that portion of the majority opinion upholding the trial court's refusal to permit the defendant to change his plea from guilty to not guilty, I must dissent from that portion that upholds the trial court's refusal to provide publicly financed counsel at defendant's sentencing.

Although the defendant intelligently waived his right to counsel at the earlier stages, on March 8, 1966, he appeared in court for sentencing and stated:

"I want to withdraw my plea of guilty . . . .

". . .

"I had some other information and I want the court to appoint me a lawyer."

By this language the defendant alerted the trial court that he was equivocating on his waiver of the right to counsel. The least the trial court should do at that point is clarify whether defendant wishes counsel to represent him at the sentencing. Sentencing is a most important stage in the criminal proceedings and the defendant is entitled to counsel at that time unless he has clearly waived that right. This, in my opinion, Mathis did not do.

I have been authorized to state that Mr. Chief Justice HALLOWS and Mr. Justice HEFFERNAN join in this opinion.