**Willie MATHIS, Petitioner,**

v.

**John C. BURKE, Warden, Respondent.**

**No. 69–C–234.**

United States District Court
E. D. Wisconsin.

Dec. 19, 1969.

**430**

Malloy & Mayew, by Donald E. Mayew, Kenosha, Wis., for plaintiff.

William A. Platz, Asst. Atty. Gen. of Wisconsin, Madison, Wis., for respondent.

MYRON L. GORDON, District Judge.

### DECISION AND ORDER

Willie Mathis, an inmate of Wisconsin state prison, has submitted a petition for a writ of habeas corpus. The Wisconsin attorney general has filed a return, and the petitioner has replied through his attorney.

The petitioner states that he was denied due process of law because of the following:

1. He was not permitted to change his plea to not guilty before sentencing.

2. His request for counsel at the time of sentencing was not granted.

Mr. Mathis was sentenced on March 8, 1966 on three counts of burglary for a total of seven years. Previously, on September 2, 1965, he had been found guilty of two counts of burglary and was placed on probation for four years.

At the arraignment held in connection with the petitioner's last conviction, he waived the appointment of counsel after being advised of his rights. He then pleaded guilty. Approximately two weeks later, the defendant appeared in court for sentencing, and the following colloquy took place:

Defendant: "I want to withdraw my plea of guilty and enter a plea of not guilty."

Court: "On what basis are you doing that?"

Defendant: "I had some other information and I want the court to appoint me a lawyer."

The trial court denied Mr. Mathis' requests and on appeal to the Wisconsin supreme court, the decision was affirmed. State v. Mathis, 39 Wis.2d 453, 159 N.W.2d 729 (1968).

■ This court is bound by state law as announced by the Wisconsin supreme court in this case unless such decisions violate the United States constitution. See United States ex rel. Scott v. Babb, 199 F.2d 804 (7th Cir. 1952). Under Wisconsin law, after a plea of guilty is entered, the decision to allow a withdrawal of that plea is in the discretion of the trial judge; the same is true for federal practice in the seventh circuit. See United States v. McGee, 242 F.2d 520 (7th Cir. 1957). The state supreme court found that the trial judge had not abused his discretion. State v. Mathis, supra. I find no error of constitutional proportions in that regard.

The defendant also alleges that he was denied the right to counsel at his sentencing, although he made a specific request therefor to the trial court. The Wisconsin supreme court in State v. Mathis, supra, 39 Wis.2d at page 459, 159 N.W.2d at page 732, said:

"It is apparent that the defendant was referring to appointment of counsel only if he were permitted to change his plea and if a new trial were ordered."

Three of the seven state court justices dissented on this point when it was considered upon the appeal.

■ The right to counsel at sentencing is an important one which is carefully guarded. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Even though a defendant has previously waived the right to counsel at prior stages, he may request and receive counsel at sentencing. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). The court in Rini v. Katzenbach, 403 F.2d 697, 699 (7th Cir. 1968), commented upon the importance of counsel at this stage of the proceedings:

"Sentencing is a crucial point in the criminal process at which counsel should be present, if the right is not waived. Mempa v. Rhay, 389 U.S. 128, 133–134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). This is especially so where, as here, there is an attempt to withdraw the plea of guilty."

The court of appeals continued, at page 700:

"The absence of counsel was crucial, not only because of the attempt to withdraw the plea, but because counsel could have more expertly and eloquently raised facts in mitigation which [the defendant] unsuccessfully tried to bring to the court's attention."

The court of appeals for the seventh circuit dealt with this same problem in United States v. Wright, 407 F.2d 952, 954 (7th Cir. 1969), and presently has pending before it the case of Schell v. United States, No. 17039, which was argued on September 9, 1969.

■ Since the right to counsel is so important, the "courts indulge every reasonable presumption against waiver" of this right. Johnson v. Zerbst, 304 U. S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). It follows that the court should zealously guard a defendant's right to have counsel at the time of sentencing. In my opinion, the record does not support the conclusion of the majority of the Wisconsin supreme court that the defendant wanted counsel only if he were allowed to change his plea. Under the presumptions described above, the record instead establishes that Mr. Mathis made an unqualified demand for counsel at his sentencing. As noted by the three dissenting justices of the Wisconsin supreme court, this refusal to provide counsel was error; in my opinion, this was a denial of Mr. Mathis' sixth amendment rights.

Now, therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is granted. However, the issuance of such writ shall be stayed until the 30th day of January, 1970, and if by that date the state of Wisconsin has vacated the sentence of March 8, 1966 and assigned counsel to represent Mr. Mathis at a resentencing, then in such event, the issuance of said writ shall be permanently stayed.