BOYLES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 96. Submitted under sec. (Rule) 251.54 October 3, 1973.—*
*Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 512.)

For the plaintiff in error the cause was submitted on the brief of *Daniel D. Sobel* of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Christine M. Wiseman,* assistant attorney general.

PER CURIAM. This court concludes after a review of the record the plaintiff in error's claim that the trial court improperly received and considered as substantive evidence a written prior inconsistent statement of a hostile witness presented by the prosecution, is without merit.

There is nothing in this record to suggest the trial court improperly considered the statement as substantive evidence. *See: State v. Major* (1956), 274 Wis. 110, 79 N. W. 2d 75; *Gelhaar v. State* (1969), 41 Wis. 2d 230, 163 N. W. 2d 609; *Irby v. State,* ante, p. 311, 210 N. W. 2d 755.

Even assuming the trial court improperly received this evidence, since the case was tried to the court without a jury, the error was harmless. This court has frequently said that in such situations, the admission of improper evidence is to be regarded as harmless unless it clearly appears that but for that evidence the finding would probably have been different. *Ray v. State* (1967), 33 Wis. 2d 685, 148 N. W. 2d 31; *State v. Cathey* (1966), 32 Wis. 2d 79, 145 N. W. 2d 100; *Gauthier v. State* (1965), 28 Wis. 2d 412, 137 N. W. 2d 101; *Birmingham v. State* (1938), 228 Wis. 448, 279 N. W. 15; *Topolewski v. State* (1906), 130 Wis. 244, 109 N. W. 1037.

Thus, what might be viewed as a prejudicial error in the receipt of evidence in a jury trial, is reviewed less critically on the question of its prejudicial effect when the trial is to the court. In *Roberts v. State* (1969), 41 Wis. 2d 537, 164 N. W. 2d 525, this court said:

". . . When a case is tried to the court, this court on review looks upon errors in the receipt of evidence somewhat less critically on the issue of prejudice than when the case is tried to the jury. This is especially true when the conviction has been allowed to stand by the trial court after it has had its attention directed to the alleged errors on motions after verdict and thus it has had a chance to re-evaluate its fact-finding process." *Id.* at 547.

In the instant case, not only was this alleged error pointed out to the trial court in motions after verdict, but also it was argued to the court in summation before verdict. This court concludes, under the circumstances of this case that even assuming the trial court afforded the statement weight as substantive evidence, the error was harmless beyond a reasonable doubt.

Furthermore the court concludes the trial court did not improperly restrict the cross-examination by the defense of a prosecution witness. A trial court has wide discretion concerning the degree and manner of cross-examination in criminal cases. *State v. Boutch*, ante, p. 443, 210 N. W. 2d 730. The trial court did not abuse its discretion in sustaining the objections to the questions propounded by the defense attorney.

The judgment is affirmed.