[No. D006192. Fourth Dist., Div. One. Sept. 13, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS MARTINEZ ACUNA, Defendant and Appellant.

## COUNSEL

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert M. Foster and Tim Nader, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WORK, J.**—Luis Martinez Acuna appeals a judgment convicting him of unlawfully driving and taking a motor vehicle not his own, without the consent of the owner and with the intent to deprive the owner of its possession. (Veh. Code, § 10851, subd. (a).) He contends the trial court erred in denying his motion to dismiss because potentially material defense witnesses were released and deported by law enforcement officers pretrial in violation of his Sixth Amendment rights to compulsory process for obtaining witnesses and the assistance of counsel and his Fifth Amendment right to due process. We are satisfied Acuna had no Sixth Amendment right to consult with counsel before choosing whether to agree to the pretrial release of witnesses. Assuming, but not granting, Acuna was entitled to the assistance of counsel before this decision under independent state constitutional grounds, the record shows he knowingly and intelligently waived that

assistance and elected to release the witnesses. Accordingly, we hold the trial court properly denied his dismissal motion and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

United States border patrolmen stopped and arrested Acuna while driving a van loaded with 27 undocumented aliens. Within minutes the Border Patrol agent learned the van had been reported stolen. After being transferred to a nearby Border Patrol station, Acuna was advised of his *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) rights in Spanish and he requested an attorney. Although after that request he was not questioned regarding potential charges, general biographical information was solicited from him. He was then given a printed *Lujan-Castro* waiver form,[1] explaining in Spanish his right to have the undocumented aliens he was transporting detained as witnesses. Appearing comfortable and not under the influence of any substance, Acuna read the form for several minutes and advised a Border Patrol agent he did not understand its purpose. The agent explained the purpose of the waiver in Spanish to Acuna, commenting essentially he had the right to decide whether to detain or release all material witnesses and that they could be used against him if detained. Acuna stated he now understood and it was all right to release the 27 Mexican aliens. Both he and the agent signed the waiver form.[2]

The trial court, in denying his motion to dismiss, found Acuna had knowingly and intelligently waived his right to the witnesses' presence at trial when he executed the written *Lujan-Castro* waiver form. The court found Acuna had read the form in Spanish, his native tongue; inquired regarding its import; and then signed it, attesting no promises or threats had been made. The court further found the solicitation of general biographical data did not violate his right to remain silent or his right to counsel, because that information was " 'neither testimonial nor communicative. . . .' " Moreover, the court emphasized the waiver form advised Acuna of his right to consult with a lawyer before determining whether to permit the witnesses to be released.

---

[1] *United States* v. *Lujan-Castro* (9th Cir. 1979) 602 F.2d 877. This particular form contained two separate parts: One advised a suspect of the right to retain or release potential witnesses; the fact they *cannot* be required to return to the United States for trial; and the right to free consultation with counsel before making a decision. The second declared the suspect has read and understood these rights and is knowingly waiving them. Acuna signed both.

[2] Apparently a record of the addresses or places of origin of the deported Mexicans was kept on file at the Border Patrol at least through the time of the preliminary examination.

## II

### ACUNA'S MOTION TO DISMISS WAS PROPERLY DENIED

Acuna argues that because he requested an attorney in response to the agent's *Miranda* admonitions, his Sixth Amendment right to counsel was later violated when the agent presented him with the *Lujan-Castro* waiver form. He contends his request for an attorney in response to the *Miranda* advisement invoked his Fifth and Sixth Amendment rights to counsel. Accordingly, he asserts his later signing of the *Lujan-Castro* form and waiver of counsel, regarding the determination whether to deport material witnesses, must be deemed involuntary because it was initiated by the Border Patrol agents after he had requested an attorney. Moreover, he asserts the waiver was invalid because it was not made knowingly and intelligently because he did not understand the waiver, the Border Patrol agent who explained it to him admitted his Spanish was limited and Acuna had not yet been informed of the crime with which he was to be charged. Relying on *People* v. *Mejia* (1976) 57 Cal.App.3d 574, 579 [129 Cal.Rptr. 192], and *Cordova* v. *Superior Court* (1983) 148 Cal.App.3d 177 [195 Cal.Rptr. 758], Acuna urges dismissal is mandated by due process and his constitutional right to a fair trial, because state action rendered material witnesses unavailable to his defense.

A. ■ We are satisfied the *Lujan-Castro* waiver initiated when the Border Patrol agent submitted the waiver form to Acuna did not violate Acuna's Sixth Amendment right to counsel in spite of the earlier request for counsel in response to the agent's *Miranda* admonitions.[3] Under federal law, Acuna's Sixth Amendment right to counsel had not yet attached. The earlier request was in response to *Miranda* admonitions and thus limited to the aid and presence of counsel during further custodial interrogation to preserve his Fifth Amendment right against self-incrimination. (*Hall* v. *State of Iowa* (8th Cir. 1983) 705 F.2d 283, 289, fn. 4.) Within this context, the right to counsel is not an independent right, but rather a prophylactic rule derived from Fifth Amendment principles (2 LaFave & Israel, Criminal Procedure (1984) § 11.1(c), p. 11) and not from the Sixth Amendment right to counsel which attaches only upon the filing of formal criminal charges (*Moran* v. *Burbine* (1986) 475 U.S. 412, 428-432 [89 L.Ed.2d 410, 425-428, 106 S.Ct. 1135, 1145-1147]). Indeed, it is firmly established under federal law the Sixth Amendment right to counsel attaches only " 'at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or

---

[3] Acuna concedes the waiver was not obtained in violation of his Fifth Amendment privilege against self-incrimination or his related *Miranda* right to counsel.

arraignment.' [Citation.]" (*United States* v. *Gouveia* (1984) 467 U.S. 180, 188 [81 L.Ed.2d 146, 154, 104 S.Ct. 2292]; *In re Grand Jury Subpoena Served Upon Doe* (2d Cir. 1985) 781 F.2d 238, 244.)[4] This is true even though the encounter may have significant consequences at trial. (*Moran* v. *Burbine, supra,* 475 U.S. at p. 431 [89 L.Ed.2d at pp. 427-428]; see, e.g., *Kirby* v. *Illinois* (1972) 406 U.S. 682 [Sixth Amendment right to counsel does not attach to preindictment lineup].) Consequently, the agent's conduct in soliciting the *Lujan-Castro* waiver could not violate Acuna's Sixth Amendment right to counsel because it had not attached.

Moreover, under these circumstances, we believe the Sixth Amendment right to counsel does not attach to the decision of whether to waive one's Sixth Amendment right to retain deportable alien witnesses as established in *United States* v. *Mendez-Rodriguez* (9th Cir. 1971) 450 F.2d 1, 4-5. The court in *United States* v. *Lujan-Castro, supra,* 602 F.2d at pages 878-879, declined the defendant's invitation to establish as a predicate for such a waiver the presence of a magistrate, a judge, or counsel, noting that rights of at least equal stature may be relinquished without the assistance of counsel or an appearance in court. (*Id.* at p. 878.) Although we could theorize by analogy to *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], a derivative right to counsel designed to safeguard the Sixth Amendment right to compulsory process for obtaining witnesses, it is unlikely such a derivative right to counsel will be recognized federally (see 2 LaFave & Israel, Criminal Procedure, *supra,* § 11.1(c), p. 11) and, in any event, such a derivative right to counsel would not be violated by a Border Patrol agent's giving of a suspect a waiver form regarding the retention of deportable alien witnesses.[5]

B. ■ Alternatively, relying on article I, section 15 of the California Constitution, Acuna asserts California recognizes the separate and distinct state constitutional right of assistance of counsel at "critical stages," as well as the independent right against self-incrimination.[6]

---

[4] "In *Gouveia,* the court explained that both the language and purpose of the Sixth Amendment were served by attaching the right to counsel only when adversary judicial proceedings have been initiated. The language of the amendment requires both a 'criminal prosecution' and an 'accused.' Furthermore, the court stated, the ' "core purpose" of the counsel guarantee is to assure aid at trial, "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." [Citation.]' " (*People* v. *Houston* (1986) 42 Cal.3d 595, 623, dis. opn. of Lucas, J., quoting *United States* v. *Gouveia, supra,* 467 U.S. at pp. 188-189 [81 L.Ed.2d at pp. 154-155].)

[5] In fact here, the waiver form advised Acuna not only of his "right" to have a lawyer assist him in deciding whether to retain the witnesses, but also his right to appointed counsel provided by the United States government if he could not afford one and his and his attorney's right to speak to these witnesses before trial. (See appen.) These "rights" have not yet been articulated in any federal decision.

[6] Relying on independent state grounds, our Supreme Court has refused to follow federal interpretations of *Miranda* in the context of the state constitutional privilege against self-in-

However, under the facts of this case, we need not determine whether Acuna was constitutionally entitled to the assistance of counsel when determining whether to waive his right to have deportable aliens retained as material witnesses. For even if independent state grounds apply, the *Lujan-Castro* waiver form advised him of his right to the assistance of counsel in determining whether to execute the waiver.

C. ■ Finding the analysis in *United States* v. *Lujan-Castro, supra,* 602 F.2d at pages 878-879, persuasive regarding the validity of defendant's waiver of his right to retain deportable alien witnesses without the presence of counsel, the issue here evolves into whether law enforcement can seek a waiver of a defendant's right to the assistance of counsel at one "critical stage" immediately following defendant's request for the assistance of counsel within the context of another "critical stage," here a custodial interrogation. We conclude it can. Granted, within the *Miranda* context, once a suspect requests an attorney, law enforcement is prohibited from further conduct designed to extract a waiver of a suspect's rights to have an attorney present. (*People* v. *Enriquez* (1977) 19 Cal.3d 221, 238 [137 Cal.Rptr. 171, 561 P.2d 261, 3 A.L.R.4th 73].) Following the same underlying rationale, law enforcement would likewise be prohibited from seeking a waiver of one's right to the assistance of counsel in determining whether to release deportable alien witnesses once a defendant has specifically requested the assistance of counsel for help in that decision. However, it does not follow that law enforcement is prohibited from seeking a waiver of the right to the assistance of counsel before charges are filed although a defendant earlier has specifically requested that assistance for a different purpose.

The right to counsel cannot be forced upon a defendant, who after advisement at a critical stage must elect whether to exercise that right and request the assistance of counsel. (See, e.g., *In re Brindle* (1979) 91 Cal.App.3d 660, 671-674 [154 Cal.Rptr. 563].) In fact, a defendant who initially waives his right to counsel at a critical stage may revoke that waiver at any later stage of the process. (*Id.* at p. 673, fn. 6.)[7] Because the right to counsel can be

_____

crimination (see, e.g., *People* v. *Houston, supra,* 42 Cal.3d 595; *People* v. *Pettingill* (1978) 21 Cal.3d 231, 246-252 [145 Cal.Rptr. 861, 578 P.2d 108]; *People* v. *Disbrow* (1976) 16 Cal.3d 101, 113 [127 Cal.Rptr. 360, 545 P.2d 272]), as well as federal holdings regarding the Sixth Amendment right to counsel when applying the separate California constitutional right to assistance of counsel (e.g., *People* v. *Houston, supra,* 42 Cal.3d 595 and *People* v. *Bustamante* (1981) 30 Cal.3d 88, 102 [177 Cal.Rptr. 576, 634 P.2d 927]).

[7] Indeed, there is ample case precedent holding that even though an accused has previously waived his right to counsel in prior stages, he may request and receive counsel at sentencing. (*United States* v. *Holmen* (4th Cir. 1978) 586 F.2d 322, 324; *Mathis* v. *Burke* (E.D. Wis. 1969) 307 F.Supp. 429, 431.) Similarly, the waiver of counsel at arraignment cannot be construed as waiver of counsel at trial. (*Tobin* v. *United States* (7th Cir. 1968) 402 F.2d 307, 309.)

selectively asserted or waived by defendant at individual "critical stages," it follows an assertion of the right to counsel as to a particular "critical stage" is limited to that substantive stage. Thus, seeking waiver to the right to counsel at a separate and distinct "critical stage" does not violate defendant's right to counsel asserted at a previous "critical stage." Accordingly, the Border Patrol agent's conduct here did not violate Acuna's state constitutional right of assistance of counsel.

D. ■ Further, Acuna knowingly and intelligently waived his right to have the undocumented aliens detained as material witnesses. We "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *People* v. *Towler* (1982) 31 Cal.3d 105, 117-118 [181 Cal.Rptr 391, 641 P.2d 1253].)

Acuna silently read the form for several minutes; his demeanor during that time was comfortable and unagitated; he did not appear under the influence of any substance; and he was neither pressured nor encouraged to sign the waiver. When Acuna stated he did not understand its purpose, the agent explained it in Spanish to the best of his ability, essentially advising Acuna he had the right to have the United States retain any or all witnesses for him and that they could be used also against him. Acuna indicated he understood the waiver and that it was all right with him if the material witnesses were released. No pressure or coercion was applied to Acuna. The waiver form completely and succinctly advises the reader of one's rights regarding retaining material alien witnesses, as well as the right to the assistance of counsel. Absent any challenge based on Acuna's inability to read and comprehend the Spanish language waiver, the record amply supports the trial court's determination his waiver was knowingly and intelligently made.

However, Acuna contends the waiver was not knowingly and intelligently made because the Border Patrol agent admitted his limited Spanish was inadequate to fully explain the legal concept and he could not knowingly and intelligently waive this right before being informed of the crime with which he was to be charged. The credibility of the Border Patrol agent was before the trier of fact. Consistent with a Spanish language proficiency level required to perform his duties as a Border Patrol agent, he explained the purpose of the waiver form to the defendant. He was not asked to explain a legal concept, but simply the purpose of the form regarding the retaining of the alien witnesses. Defense counsel never tested his linguistic proficiency.

■ Finally, in light of the factual circumstances of this case, Acuna's lack of knowledge regarding the precise criminal charges he was to face does not render his waiver invalid. He knew he had been arrested for alien smuggling and could make a determination regarding their materiality as to that charge. As to the Vehicle Code charges, there is no plausible contention these aliens would have been able to offer any material testimony favorable to Acuna. Under either the lenient materiality standard set forth in *People* v. *Mejia, supra,* 57 Cal.App.3d at pages 580-581, of a reasonable probability that witness(es) in a position to perceive what occurred from a "sufficiently proximate vantage point" could provide favorable defense testimony, or the more stringent standard of *California* v. *Trombetta* (1984) 467 U.S. 479, 489 [81 L.Ed.2d 413, 422, 104 S.Ct. 2528], requiring the evidence "possess an exculpatory value" apparent before the witnesses were released and be of a character defendant cannot obtain by other reasonably available means,[8] Acuna does not suggest how these undocumented immigrants were material defense witnesses.

### DISPOSITION

Judgment affirmed.

Kremer, P. J., and Benke, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 1988. Mosk, J., was of the opinion that the petition should be granted.

---

[8] See *People* v. *Lopez* (1988) 198 Cal.App.3d 135, 142-146 [243 Cal.Rptr. 590], holding the *Trombetta* standard superseded the standard set forth in *United States* v. *Valenzuela-Bernal* (1982) 458 U.S. 858, 873-874 [73 L.Ed.2d 1193, 1206-1207, 102 S.Ct. 3440], and controls now in California since the passage of Proposition 8. (Compare *Cordova* v. *Superior Court, supra,* 148 Cal.App.3d at pp. 183-184, applying the *Mejia* standard and rejecting the *Valenzuela-Bernal* standard without dealing with the effect of Proposition 8.)

APPENDIX

ADVICE OF RIGHTS--RETENTION OF WITNESSES

Before the United States Government proceeds with any judicial proceedings against you, you must understand that you have the right to require the temporary detention in the United States of any citizens of any foreign country who had no papers allowing them to be in the United States and who were with you at the time of your arrest. They may be witnesses in your behalf at your trial.

 1) If you do not require these witnesses to stay, they will be returned to their country of origin. If they are returned to their country of origin, they cannot later be required to return to the United States to testify at your trial.

 2) If you want any of these potential witnesses to remain in the United States, they will remain under the supervision of the United States Government until your trial or until you ask that they be released. This will be at no cost to you.

 3) If they stay, this only means these people will be present at your trial and could be called to testify by either the United States Government or yourself. This does not necessarily mean they will testify either for you or against you. If these people are called to testify by the United States Government, you, through your attorney, would have the right to cross-examine them.

 4) You have the right to have a lawyer assist you at this time in making the decision to retain or to release these witnesses; if you cannot afford a lawyer, the United States Government will provide you one at no cost to you.

 5) You and your lawyer would have the right to speak to these witnesses before your trial.

Signed:_____

Witness:_____

Witness:_____

Date:_____

I have read this statement and understand my rights. I understand that I have the right to require the detention of these people who were with me at the time of my arrest. I am willing to agree that these people may be released at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has bee.. ..sed against me to agree to release these people.

Signed:_____

Witness:_____

Witness:_____

Date:_____

U.S. vs LUJAN-CASTRO
602 Fed, 2nd Page 877
9th Circuit 1979