THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY L. KOLLS, Defendant-Appellant.

Second District    No. 2—88—0018

Opinion filed February 10, 1989.

William J. Scott, Jr., of Mirabella & Kincaid, of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Michael L. Shevick, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After a jury trial, defendant, Jeffrey Kolls, was found guilty of home invasion (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(2)), unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a)), and battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3). Judgment for the battery offense was later vacated as a lesser-included offense of home invasion, and defendant was sentenced to concurrent terms of imprisonment of six years for home invasion and two years for unlawful restraint. Defendant appeals, contending that he was not proved guilty of home inva-

sion beyond a reasonable doubt because the State failed to prove (1) that the victim was injured within the dwelling or (2) that the victim was injured.

The evidence at trial disclosed that near midnight on July 7, 1987, defendant went to the apartment complex where his ex-wife Karen lived. He knocked on the door of a neighbor, Laurel Pauscher, and asked her where Karen and another neighbor, Andrew Pendrys, were located. He also asked whether Pendrys was "screwing his wife." Laurel told defendant she did not know and closed the door on him. When Laurel thought defendant was gone, she left her apartment to go to Karen's apartment to warn her that defendant was in the area.

As Laurel crossed the courtyard, defendant jumped from behind a bush and grabbed her around the neck. He forced her to accompany him to Karen's apartment, stating that he wanted her to knock on the door because Karen would not open it for him. When Karen responded to Laurel's knock, defendant stepped out from concealment on the steps. He pushed through the screen in the outer door and the Plexiglas of the inner door and entered the apartment. At that time Karen, her two children and Andrew Pendrys were in the apartment. Karen went to the phone, but defendant ripped the cord from it and he and Karen began to argue.

Pendrys, who was in the living room when defendant entered the apartment, got off the couch and started moving toward the door. He passed through the dining room where defendant and Karen were quarreling and left the apartment through the door that defendant had broken. Defendant followed Pendrys out onto the landing outside the apartment and there began punching and kicking him. Defendant dragged Pendrys down the stairs, all the while punching and kicking him, then fled, leaving Pendrys lying at the bottom of the stairs. Shortly thereafter the police arrived, and Pendrys was taken to Elmhurst Memorial Hospital in an ambulance.

Defendant testified that he had been at his parent's home continuously after approximately 10:30 or 10:45 the evening of July 7, 1987, watching TV, doing laundry, and later sleeping. Defendant's mother, father, and brother also testified that defendant was home the entire evening after 10:45.

Defendant contends that the State failed to prove him guilty of home invasion because the alleged injury to Pendrys occurred outside the dwelling. The home invasion statute states in pertinent part:

"(a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she

knows or has reason to know that one or more persons is present and

\*\*\*

(2) Intentionally causes any injury to any person or persons within such dwelling place." Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(2).

Defendant contends that under the statute any injury caused to an occupant of a dwelling must occur within such dwelling place. He argues that as the injury to Pendrys occurred outside the apartment on the landing, the terms of the statute were not met. We disagree.

■ The purpose of the home invasion statute is to protect persons in their homes (*People v. Shelby* (1984), 123 Ill. App. 3d 153, 163, 462 N.E.2d 761, 768), and the offense is a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(b)). To allow defendant to evade the full force of the statute by taking advantage of the fortuitous fact that his victim fled, or was chased from the apartment before being injured by defendant, would defeat the purpose of the statute.

When presented with this interpretation at the hearing of defendant's post-trial motion, the trial court stated:

"Obviously, if the statute had intended that the injury occur within the dwelling, it would be easy to construct the language, intentionally causes injury, within the dwelling, to any person.

I'm going to take the position that the statute encompasses the fact situation where a person, without authority, enters the dwelling, knowing people to be present. And even though they flush somebody out of the dwelling and cause injury, in an immediate sequence, within the area of the dwelling, it comes within the statute."

We agree with the trial court that the statute does not require that the injury occur within the dwelling.

*People v. Kovacs* (1985), 135 Ill. App. 3d 448, 481 N.E.2d 1071, is instructive on this issue. That case dealt with the alternate section of the home invasion statute which requires, in addition to unauthorized entry, that the offender:

"(1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs \*\*\*." (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(1).)

The defendant in *Kovacs* made threats upon the persons in the home from outside the home, on the porch, before she made her unauthorized entry. This court found that the elements of home invasion had been met, stating, "explicit verbal threats while inside the dwelling

*** are not necessary to meet the requirements of the home invasion statute." *Kovacs*, 135 Ill. App. 3d at 451, 481 N.E.2d at 1073.

We think the *Kovacs* rationale is applicable to the situation presented here. Both sections of the home invasion statute refer to offenses against "any person or persons within such dwelling place." If under subsection (1) the threats need not occur within the dwelling, there is no reason that under subsection (2) the injury must occur within the dwelling. The proper reading of the phrase "within such dwelling place" is as a modifier for the words "any person or persons" as it defines the persons, not the location. The statute requires that the injury be inflicted on a person who was within the dwelling when the defendant made his unauthorized entry and does not require that the injury be inflicted within the dwelling.

Defendant also argues that he was not proved guilty beyond a reasonable doubt of home invasion because the State failed to prove that the victim was injured. Defendant's argument is without merit.

▄▄ To cause an injury within the meaning of the home invasion statute, one must cause bodily harm, thus committing a battery. (*People v. Bitner* (1980), 89 Ill. App. 3d 1106, 1112, 412 N.E.2d 721, 727.) To establish bodily harm for the purpose of the battery statute, our supreme court has held that some sort of physical pain or damage to the body, such as lacerations, bruises, or abrasions, whether temporary or permanent, is required. *People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 635-36.

▄▄ In this case, there was adequate evidence of injury to Andrew Pendrys. Karen Kolls and Laurel Pauscher testified that they witnessed defendant hitting and kicking him, and Pendrys testified that defendant grabbed him by the neck, punched him, kicked him, and pulled him down the stairs. Officer Wanderer testified that he found Pendrys lying on the ground moaning, and there was blood on his head. Dr. Graffeo testified that his examination of Pendrys revealed "swelling to the back of his head, localized tenderness over the acromion clavicle joint on his right shoulder, abrasions, the back of his right hand and abrasions and localized tenderness to the mid-sternum and parasternal area of his right chest."

Although there was testimony that Pendrys had fallen down some stairs three days before the incident with defendant, that fact does not negate the evidence of injury inflicted by defendant. It was for the jury to determine the weight to be accorded the evidence and to resolve any conflicts in the testimony. (*Reed v. Knol* (1972), 7 Ill. App. 3d 163, 166, 287 N.E.2d 238, 240.) On this record, the jury could, and did, conclude that Pendrys was injured as a result of defendant's attack.

We conclude that the evidence was sufficient to establish the defendant's guilt of home invasion, and the judgment of the circuit court will be affirmed.

Affirmed.

DUNN and REINHARD, JJ., concur.