NO. 4-99-0910

20 October 2000

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Logan County

LEONARD MATA, ) No. 99CF21

Defendant-Appellant. )

) Honorable

) David L. Coogan,

) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE COOK delivered the opinion of the

court:

Following a July 20, 1999, jury trial, defendant Leonard Mata was convicted of home invasion (720 ILCS 5/12-11(a) (West 1998)), intimidation (720 ILCS 5/12-6(a)(1) (West 1998)), criminal damage to government-supported property (720 ILCS 5/21-

4(1)(a) (West 1998)), and domestic battery (720 ILCS 5/12-3.2(a) (West 1998)).  Mata was sentenced to 11 years for home invasion, with concurrent sentences of 364 days for domestic battery, 5 years for intimidation, and 3 years for damage to government- supported property.  Mata appeals his home invasion conviction, arguing that the trial court erred when it gave a nonpattern issues instruction that "to sustain the charge of home invasion, the State does not have to prove that the injury occurred within the dwelling," and refused his nonpattern issues instruction that "the State must prove that the injury was inflicted on a person who was within the dwelling when the defendant made his unautho

rized entry."  Mata also argues he was not proved guilty beyond a reasonable doubt.  

Mata had been involved in a stormy relationship with Tina Merchant, who had borne him three children.  The couple had been separated when, on February 14, 1999 (Valentine's Day), Mata appeared at Merchant's apartment bearing flowers and candy.  When she saw Mata, Merchant closed the door and deadbolted it.  Mata began pounding on the door, eventually breaking it.  Merchant fled through the back door of her apartment and began banging on the door of a neighbor, asking for help.  Mata entered the broken front door of the apartment, went through the apartment, and exited through the back door, catching Merchant in the courtyard where he began to beat her.  Mata left the scene when Merchant's neighbor became involved.  

There is some dispute whether Merchant had fled her apartment before Mata broke in her door.  Merchant testified on cross-examination, "By the time I hit my back door I heard a loud commotion.  I was assuming he had got the door broken in."  Merchant conceded, however, that in a handwritten statement she had prepared four days after the incident, she had stated, "I was banging on the [neighbor's] back door when I heard [Mata] break the door in."  On redirect, Merchant testified, "Everything happened so fast.  I know I heard a crash.  I don't know exactly at what point it was, where I was at."  It does appear that Mata had begun his attempt to break down the door before Merchant attempted to flee.  Merchant apparently left the apartment because she was afraid that Mata was coming inside.          

Two elements are generally required for the offense of home invasion:  (1) defendant "knowingly 
enters
 the dwelling place of another 
when
 he or she knows or has reason to know that one or more persons is present" (emphasis added) (720 ILCS 5/12-

11(a) (West 1998)) and (2) "[i]ntentionally causes any injury to any person or persons within such dwelling place" (720 ILCS 5/12-

11(a)(2) (West 1998)).  We do not read section 12-11's knowledge requirement to impose liability where the defendant mistakenly believes someone is present in the dwelling.  Rather, we read that language to avoid liability where the defendant has no reason to know that a dwelling is occupied; for example, where the defendant enters a deserted residence in which a trespasser happens to be present.  Does the requirement that the entry occur "when" defendant knows the victim is present require that the victim be inside the dwelling at the precise moment the entry occurred, or is it sufficient that the victim was inside the dwelling at about the same time the entry occurred?

Concern has been expressed that defendants who "flush somebody out of the dwelling and cause injury, in an immediate sequence, within the area of the dwelling," might avoid liabil

ity.  
People v. Kolls
, 179 Ill. App. 3d 652, 655, 534 N.E.2d 673, 675 (1989).  In 
Kolls
, the defendant broke into his ex-wife's apartment, followed his ex-wife's male friend to the landing outside her apartment, and began punching and kicking him.  
Kolls
, 179 Ill. App. 3d at 654, 534 N.E.2d at 674.  The appellate court upheld the conviction of home invasion, holding that the words, "persons within such dwelling place," merely identified the required victims and did not impose any requirement that the injury be inflicted within the dwelling.  
Kolls
, 179 Ill. App. 3d at 656, 534 N.E.2d at 675; see also 
People v. Kovacs
, 135 Ill. App. 3d 448, 481 N.E.2d 1071 (1985) (threats upon the persons in the home, before the unauthorized entry, constituted home inva

sion).

Kolls
 did not refer to 
People v. Pettit
, 101 Ill. 2d 309, 461 N.E.2d 991 (1984).  In 
Pettit
, convictions for home invasion were reversed, where defendants forced their way into a first-floor apartment, then took the occupants to a deserted second-floor apartment where they threatened and injured some of the individuals.  Defendants were charged only with home invasion of the second-floor apartment; but when defendants invaded that apartment, it was deserted.  
Pettit
, 101 Ill. 2d at 311-12, 461 N.E.2d at 992.  The court held that "[t]he plain meaning of the home-invasion statute requires the presence of one or more persons within the dwelling at the time of the invasion."  
Pettit
, 101 Ill. 2d at 313, 461 N.E.2d at 993.  
Pettit
 overruled 
People v. Pavic
, 104 Ill. App. 3d 436, 447, 432 N.E.2d 1074, 1083 (1982), which had held the basement of an apartment building was part of the victim's "dwelling place."  The defendant in 
Pavic
 had lured a woman from her apartment to the basement by flipping circuit breakers.  When the woman left her apartment to turn the electricity back on, the defendant entered the apartment and raped the woman on her return.  
Pavic
, 104 Ill. App. 3d at 438, 432 N.E.2d at 1076-77. 
  

The legislature responded to the specific problem addressed in 
Pettit
 by amending the home invasion statute to include as an offender one who "knowingly enters the dwelling place of another and remains in such dwelling place until he or she knows or has reason to know that one or more persons is present."  Pub. Act 85-1387, §1, eff. September 2, 1988 (1988 Ill. Laws 3201, 3202).  

 The State argues that it is necessary only that the victim be within the dwelling place at some time during the course of the home invasion, and that the term "home invasion" is broader than the term "enters," including the point in this case where defendant began kicking the victim's door. The State argues that the jury might have found, on this evidence, that the victim did not leave the dwelling place until after the entry.  The jury was never asked to decide that question, however, despite the objections of defense counsel.  The court refused defendant's instruction No. 2, which would have informed the jury that the State was required to prove "the injury was inflicted on a person who was within the dwelling when the defendant made his unauthorized entry." 

Criminal statutes must be strictly construed in favor of the accused.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996)
.  Penal statutes must be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.  
People v. Laubscher
, 183 Ill. 2d 330, 337, 701 N.E.2d 489, 492 (1998).  We may not expand the meaning of a criminal statute simply to correct an apparent oversight or to achieve a desirable result.  See 
Bridgestone/Firestone, Inc. v. Aldridge
, 179 Ill. 2d 141, 154-55, 688 N.E. 2d 90, 96 (1997) ("A court may not inject provisions not found in the statute, however desirable they may appear to be"); 
cf.
 
People v. Smith
, 307 Ill. App. 3d 414, 418, 718 N.E.2d 640, 643 (1999) ("While we are mindful of the necessity to strictly construe criminal statutes in favor of the accused, such construction should not be so rigid as to defeat the intent of the legislature"; absence of language "predatory criminal sexual assault of a child" from sentencing provisions of indecent solicitation statute a simple legislative oversight).  

This rule of strict construction has its roots in the due process clause, which requires that the proscriptions of a penal statute be clearly defined.  
People v. Haywood
, 118 Ill. 2d 263, 269, 515 N.E.2d 45, 48 (1987).  Impossible levels of speci

ficity are not required, but a penal statute must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.  The statute must provide definite standards, so as to avoid arbitrary and discrim

inatory enforcement and application by police officers, judges, and juries.  
Haywood
, 118 Ill. 2d at 269, 515 N.E.2d at 48.

Is the present case more like 
Kolls
, or is it con

trolled by 
Pettit
?  
Pettit
 held that the plain meaning of the home invasion statute requires the presence of one or more persons within the dwelling at the time of the invasion, but it did not attempt to draw any fine lines in the situation of our case, when the victim is fleeing the dwelling at the same time the defendant breaks in.  
Pettit
 involved a situation where the apartment invaded by the defendants was clearly deserted at the time of entry. 

A fair reading of section 12-11 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-11 (West 1998)) suggests that there is a home invasion when a victim flees a dwelling in response to a defendant's knock on the door.  When Mata knocked on Merchant's door he had "reason to know that one or more persons [was] present."  720 ILCS 5/12-11(a) (West 1998).  There is a presumption or inference that a condition, once proved to exist, continues.  M. Graham, Cleary & Graham's Handbook of Illinois Evidence §302.6, at 104 (7
th ed. 1999).  When the existence of a state of things is once established by proof, the law presumes that the state of things continues to exist until the contrary is shown.  
Skil Corp. v. Korzen
, 32 Ill. 2d 249, 251, 204 N.E.2d 738, 740 (1965); 
People v. Thompson
, 158 Ill. App. 3d 860, 865, 511 N.E.2d 993, 996 (1987) (presumption of unfitness continues until there has been a valid subsequent hearing adjudicating defendant fit).  Mata knew that Merchant was inside the dwelling when he began his attempt to enter it and had no reason to change that belief, even if it is possible that Merchant cleared the back door before Mata entered the front door.  

Even if Merchant had testified unequivocally that she had cleared the back door before Mata's entry, there should still be liability under section 12-11 of the Criminal Code unless it was established that Mata was aware of that fact.  We base that conclusion upon the fact that section 12-11 does not state that the victim must be inside the dwelling when the entry is made.  The section requires only that the victim be "present."  The second element of the offense requires an injury to a person "within such dwelling place" (720 ILCS 5/12-11(a)(2) (West 1998)), but 
Kolls
 held that language merely identified the required victims and did not impose any requirement that the injury be inflicted within the dwelling.  
Kolls
, 179 Ill. App. 3d at 656, 534 N.E.2d at 675.  
Pettit
 stated there must be a person within the dwelling at the time of the invasion (
Pettit
, 101 Ill. 2d at 313, 461 N.E.2d at 993); but, again, 
Pettit
 did not involve a situation where the victim was fleeing the dwelling.  Cer

tainly, there cannot be a home invasion where the dwelling place is truly empty at the time of the entry, but the requirement that a person be "present" at the time of the entry is satisfied when the victim, fleeing the invasion, happens to be outside the dwelling at the moment of defendant's entry.      

The nonpattern issues instruction given by the trial court accurately stated the law, as set out in 
Kolls
, and was appropriately given.  The State does not have to prove that the injury occurred within the dwelling, although that is not ade

quately explained in the existing pattern instructions.  A nonpattern instruction should be used if a pattern instruction does not contain an accurate instruction on the subject that the jury should be instructed upon. 
 
People v. Nutall
, 312 Ill. App. 3d 620, 633-34, 728 N.E.2d 597, 608-09 (2000).  Defendant's proposed instruction, requiring that the injured person was within the dwelling at the precise moment that the unauthorized entry was made, did not accurately state the law and was properly refused.  The trial court properly instructed the jury in accor

dance with Illinois Pattern Jury Instructions, Criminal, No. 11.54 (4
th ed. 2000), "that when the defendant entered the dwelling place he knew or had reason to know that one or more persons was present."   

Finally, we conclude that the evidence, which included the testimony of the victim, was sufficient to support defen

dant's conviction.  We affirm the judgment of the trial court.  

Affirmed.    

GARMAN and KNECHT, JJ., concur.