**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220300-U

Order filed November 16, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0300 Circuit No. 21-CF-250 |
| | ) | |
| ALLEN J. GILLASPIE, | ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The evidence presented was sufficient to establish defendant's knowledge of the victim's presence as an element of home invasion. (2) Defendant was properly admonished regarding waiver of his right to counsel.

¶ 2     Defendant, Allen J. Gillaspie, was convicted of home invasion. On appeal, defendant argues that the evidence was insufficient to find him guilty beyond a reasonable doubt and the Will County circuit court erred in failing to provide waiver of counsel admonishments at sentencing. We affirm.

## I. BACKGROUND

Defendant was charged with home invasion (720 ILCS 5/19-6(a)(1) (West 2020)). At defendant's first appearance on March 22, 2021, he confirmed he wanted representation and the court appointed counsel. Initially, defendant was found unfit to stand trial but was eventually restored to fitness after receiving mental health treatment. On December 17, 2021, the same date the court found defendant fit for trial, defendant affirmed he was seeking to waive counsel and proceed *pro se* because his appointed counsel had not consulted with him from the time counsel was appointed until May 4, 2021. In considering defendant's request, the court asked him about his education and qualifications. The court also inquired about his mental health diagnosis and current medications. The court informed defendant he was facing serious charges and had the State recite the home invasion charge, the underlying allegations, and the potential sentencing range. The court granted defendant's request and appointed the public defender as standby counsel.

After two subsequent court dates involving the status of discovery, a pretrial proceeding was held on February 18, 2022. At the beginning of the hearing, the court admonished defendant that he had the right to an attorney, that an attorney would be appointed if he could not afford one, and that he would be held to the same standard as an attorney if he chose to continue to represent himself. The court asked defendant if he wished to continue *pro se*, and defendant confirmed he did.

During trial, Tena Klimek testified that on February 5, 2021, at approximately 11 a.m., a man driving a blue car pulled into her driveway and exited his vehicle. The man had a long beard and was wearing a paper face mask. While Klimek was standing at the sliding glass patio door, she saw the man approaching the door with an axe. Klimek screamed when she saw the axe and

continued screaming as she ran out the front door and fled to a neighbor's house. While running, Klimek fell into a snowbank and noticed the blue car in the driveway had a Washington license plate. Klimek identified defendant as her nephew but did not affirmatively identify him as the perpetrator.

¶ 7        The State introduced a video from a neighbor's surveillance camera located approximately 100 feet across the street from Klimek's home that captured Klimek's screams as she was fleeing her residence. Through police testimony, the State also introduced photographs of Klimek's home taken by responding officers at the scene that morning. Klimek testified that the photographs truly and accurately depicted her residence on that date. The photographs showed the glass patio door had been shattered and an axe was left inside the residence. In one photograph, the garage door at the end of the driveway was open and one car was parked inside. Another car was parked in the driveway at the entrance to the garage. Evidence and witness testimony also established that the police were able to identify a vehicle in the area immediately after the incident that matched the description of the blue car Klimek saw in her driveway. Further police investigation revealed that the vehicle was purchased by defendant and he had taken it to an automobile repair shop for maintenance. Additionally, fingerprints taken from the axe matched defendant's fingerprints. Defendant also could not be excluded from the main DNA profile found on the axe, with the exclusion probability calculated at 1 in 1.2 octillion. The jury found defendant guilty of home invasion.

¶ 8        At a hearing on defendant's motion for a new trial, defendant argued that he was not provided adequate opportunities to consult with an attorney while in police custody pursuant to sections 103-3.5(a) and 103-4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-3.5(a), 103-4 (West 2022)). Defendant's contention prompted the court to inquire as to why

3

defendant had not raised the issue earlier, to which defendant replied that he had when he initially requested to proceed *pro se*. In denying the motion, the court confirmed with defendant that during the entire course of the proceedings he had never used his standby counsel.

¶ 9　　　　On July 19, 2022, defendant was sentenced to 10 years' imprisonment. At sentencing, defendant's standby counsel was not present. The court did not readmonish defendant regarding his right to counsel during the sentencing proceedings. Defendant appealed.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　　　　　　　　　A. Proof of Home Invasion

¶ 12　　　　On appeal, defendant first argues that the evidence at trial was insufficient to find him guilty beyond a reasonable doubt of home invasion. Challenges to the sufficiency of evidence require the reviewing court to view the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *People v. Conway*, 2023 IL 127670, ¶ 16. "A criminal conviction will not be overturned unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *Id.*

¶ 13　　　　For defendant to be convicted of home invasion, the State had to prove that: (1) defendant was not a peace officer acting in the line of duty; (2) defendant knowingly entered the dwelling place of another without authority; (3) upon entering, defendant knew or had reason to know that one or more persons were present in the residence; and (4) defendant, while armed with a dangerous weapon other than a firearm, used force or threatened the imminent use of force upon any person or persons within the dwelling place, regardless of whether an injury occurred. 720 ILCS 5/19-6(a)(1) (West 2020). Defendant contends the evidence was insufficient to prove him guilty of the third element: that he knew or had reason to know that someone was present in the

residence when he entered. Whether a defendant knew or should have known that someone was in the residence may be proven by circumstantial evidence, but the State must present " 'sufficient evidence from which an inference of knowledge can be made.' " *People v. Hickey*, 178 Ill. 2d 256, 292 (1997) (quoting *People v. Ramey*, 240 Ill. App. 3d 456, 462 (1992)).

¶ 14   In this case, the evidence presented at trial demonstrated that Klimek was able to see defendant approaching through the glass patio door where she was standing. Thus, it is reasonable to infer that Klimek was also visible to defendant as he approached the door. However, assuming *arguendo* that defendant did not see Klimek through the glass door, the trier of fact could easily infer that he at least heard her screaming as he walked up to the patio door because her screams were loud enough that the neighbor's video surveillance was able to capture them from across the street. See *People v. Frisby*, 160 Ill. App. 3d 19, 31 (1987); *People v. Redisi*, 172 Ill. App. 3d 1003, 1011 (1988) (element of knowledge established, in part, due to noise from inside the dwelling). The evidence also suggests there were vehicles parked both inside and outside of the garage, and defendant would likely have seen the vehicles when he parked in the driveway. See *Hickey*, 178 Ill. 2d at 292-93; *Redisi*, 172 Ill. App. 3d at 1011; *People v. Tackett*, 150 Ill. App. 3d 406, 420 (1986) (element of knowledge established, in part, where cars were parked on the property). Defendant was also armed and wearing a mask. See *Hickey*, 178 Ill. 2d at 292 (finding knowledge established, in part, where defendant entered the home with a weapon); *People v. Price*, 2011 IL App (4th) 100311, ¶ 19 (attempts to conceal identity indicate an expectation that the offender will encounter people inside the residence). The totality of the factors outlined above, when considered in the light most favorable to the prosecution, provide sufficient evidence to support the jury's finding that defendant knew or should have known that someone was in the residence at the time of entry.

¶ 15    In coming to this conclusion, we reject defendant's argument that Klimek's flight from her home negates the statutory requirement regarding the presence of one or more persons inside at the time of entry. Allowing defendant to circumvent the consequences of the home invasion statute by "taking advantage of the fortuitous fact that his victim fled" defeats the purpose of the statute, which is to protect individuals in their homes. *People v. Kolls*, 179 Ill. App. 3d 652, 655 (1989). Here, Klimek fled her residence when she saw defendant approaching while wielding an axe. The imminent threat of injury from a stranger carrying a deadly weapon and walking up to the patio door where Klimek was standing caused her to flee. Therefore, even if she exited the front door of her home before defendant actually entered the patio door, the presence requirement is still satisfied. See *People v. Mata*, 316 Ill. App. 3d 849, 854 (2000) ("[T]he requirement that a person be 'present' at the time of the entry is satisfied when the victim, fleeing the invasion, happens to be outside the dwelling at the moment of defendant's entry.").

¶ 16                          B. Waiver of Counsel Admonition

¶ 17    Defendant further argues that because his standby counsel was absent at his sentencing hearing, the court erred in failing to provide a waiver of counsel admonishment pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). Defendant acknowledges he did not properly preserve the issue with an objection or postsentencing motion. However, he requests review under the second prong of the plain error doctrine, which allows for the review of an unpreserved error when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step in plain error analysis is determining whether a clear or obvious error occurred. *Id.*

¶ 18        A defendant has the constitutional right to counsel during sentencing in a criminal proceeding because the substantial rights of the accused may be affected at this stage. *People v. Baker*, 92 Ill. 2d 85, 90 (1982). Pursuant to Rule 401(a), waiver of counsel by a defendant must be made in open court, with the court providing admonitions informing defendant of the nature of the charges, the minimum and maximum penalties for the charged offenses, and the right to counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). Strict compliance is not required under Rule 401(a). *People v. Nemec*, 2019 IL App (2d) 170382, ¶ 18. "Substantial compliance is sufficient for a valid waiver of counsel if the record indicates that (1) the waiver was made knowingly and voluntarily and (2) the trial court's admonishment did not prejudice the defendant's rights." *People v. Redmond*, 2018 IL App (1st) 151188, ¶ 17.

¶ 19        Under the continuing waiver rule, a valid waiver of counsel applies to all subsequent stages of the proceedings. *People v. Redd*, 173 Ill. 2d 1, 24 (1996). There are two exceptions to this rule: "(1) the defendant later requests counsel or (2) other circumstances suggest that the waiver is limited to a particular stage of the proceedings." *People v. Washington*, 2016 IL App (1st) 131198, ¶ 59. "Circumstances requiring readmonishments before sentencing include lengthy delays between trial stages or a defendant's later request for counsel." *Id.* ¶ 60. Whether a lapse in time renders a waiver invalid is determined by the specific facts and circumstances of each case. *People v. Haynes*, 174 Ill. 2d 204, 242 (1996). Notably, in cases that held a continuing waiver to be void, the amount of time between admonishments and sentencing was not the sole determinative factor. See, *e.g.*, *Schell v. United States*, 423 F.2d 101, 103 (1970) (waiver invalid based on totality of circumstances that included six-month lapse between hearings, events in the interim that changed the posture of the case, and questionable validity of defendant's guilty plea); *People v. Smith*, 249 Ill. App. 3d 460, 472 (1993) (admonitions provided at arraignment

7

where defendant was not requesting to waive counsel 13 months prior to sentencing insufficient); *Washington*, 2016 IL App (1st) 131198, ¶ 68 (continuing waiver rule voided by later request for representation and initial waiver of counsel before trial occurred almost two years prior).

¶ 20    Here, the record reflects that the court acted within its discretion in concluding that defendant knowingly and voluntarily waived counsel based on its inquiry into defendant's background, education, and mental health status at the time of defendant's request. The court's admonishments adequately informed defendant of the nature of the charges, the minimum and maximum penalties for the charged offenses, and the right to counsel. As the admonitions were not deficient under Rule 401(a) at the time defendant was admonished, the court's substantial compliance with the rule was sufficient to effectuate a valid waiver.

¶ 21    Defendant relies on our decision in *People v. Brzowski*, 2015 IL App (3d) 120376, ¶ 43, for the proposition that Rule 401(a) admonishments are not required when standby counsel is appointed but must be given if standby counsel is not present at any critical stage of the proceedings. Defendant contends that because standby counsel was not present at sentencing, the court should have readmonished him pursuant to Rule 401(a). However, *Brzowski* is readily distinguishable from the instant case. In *Brzowski*, the defendant had never been provided with Rule 401(a) admonishments and the court dismissed standby counsel prior to jury deliberations. *Id.* ¶¶ 44-45. We held that the court's failure to provide any Rule 401(a) admonitions constituted plain error. *Id.* ¶ 47. Here, by contrast, standby counsel's unexplained absence at sentencing was not due to dismissal and the court had previously provided Rule 401(a) admonishments to defendant. Consistent with the rule, defendant was fully informed of the home invasion charge, the corresponding sentencing range, and of his right to counsel. Although the court did not readmonish defendant at sentencing, the court substantially complied with the rule when it

admonished defendant in response to his request to waive counsel before trial. See *People v. Jiles*, 364 Ill. App. 3d 320, 329 (2006) (Rule 401(a) admonishments must be provided when court is made aware of defendant's desire to waive counsel).

¶ 22     Moreover, we reject defendant's argument that admonishments given months prior are automatically insufficient to substantially comply with Rule 401(a). In support of this assertion, defendant relies on *Jiles*, 364 Ill. App. 3d at 329 and *People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000). However, those cases stand for the proposition that admonishments cannot be relied upon when they are provided months prior *at a time when the defendant was not seeking to waive counsel*. *Jiles*, 364 Ill. App. 3d at 329; *Stoops*, 313 Ill. App. 3d at 275. In this case, there is nothing in the record that would create an exception to the continuing waiver rule. Defendant did not request counsel at any point after he was admonished and the lapse in time of approximately six months between the admonishments and sentencing, without more, is not enough to invalidate the waiver. Therefore, defendant's waiver of counsel was operative at the time of sentencing.

¶ 23                                   III. CONCLUSION

¶ 24     The judgment of the circuit court of Will County is affirmed.

¶ 25     Affirmed.

9