(No. 55429.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES EDWARD BAKER, Appellee.

*Opinion filed September 17, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield (Herbert Lee Caplan, Melbourne A. Noel, Jr., Ronald Lee Bell, and Michael B. Weinstein, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Janet Sinder, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, James Baker, waived counsel and entered a plea of guilty on October 8, 1975, in the circuit court of Clark County to an information charging him with murder. He was sentenced to an indeterminate term of 30 years to life imprisonment. Four years later, he filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*). An amended petition was subsequently filed by his court-appointed counsel alleging that defendant was deprived of his right to counsel at his sentencing hearing. Following a hearing and argument, the trial court granted the State's motion to dismiss the petitions. The appellate court reversed and remanded (98 Ill. App. 3d 71), and we allowed the State's petition for leave to appeal.

Defendant was arrested on September 29, 1975, in Terre Haute, Indiana, his place of residence, and

charged with the murder of the 70-year old victim, Everett Livvix. At his first court appearance on September 30, 1975, he appeared without counsel and was apprised by the court of the nature of the charge against him and the minimum and maximum sentences which could be imposed upon conviction. He was further advised that he had a constitutional right to counsel at every stage of the proceedings, and that, if he could not afford an attorney, one would be appointed for him. Defendant stated that he did not want an attorney. The court asked him whether he would consent to the appointment of counsel for consultation before he decided to waive an attorney. Defendant agreed, and the matter was continued for arraignment.

Defendant appeared before the court for arraignment on October 8, 1975, with Jack Asher, the court-appointed attorney. The court again advised defendant of the nature of the charge against him, the minimum and maximum sentence to which he could be subjected upon conviction, and that he had a constitutional right to be represented by counsel at all stages of the proceedings. Defendant again stated that he wished to waive counsel. Mr. Asher informed the court that he had talked with defendant at length on three separate occasions and detailed for the court the nature of his consultations, which included, among other things, a thorough explanation to the defendant of his constitutional rights, the nature of the preliminary proceedings, the trial itself, and the presentence investigation and sentencing hearing in the event of a conviction. The attorney stated that he had continually advised defendant that he believed defendant needed the advice of counsel and urged him not to persist in his waiver, but that defendant wished to proceed without counsel. In response to the court's question, defendant stated that he was satisfied with the consultations and services of Mr. Asher. Once again the court

asked him whether he wished to proceed without counsel. He stated that he did, and the court accepted the waiver. Defendant then entered his plea of guilty. Before accepting the plea, the court admonished defendant in accordance with our Rule 402 (73 Ill. 2d R. 402) and again advised him that he had a right to counsel at all stages of the proceedings. The court thereafter found that the plea was voluntary and defendant understood its consequences.

The prosecutor subsequently related the factual basis for the plea, indicating that defendant and another had surreptitiously shot and butchered a steer belonging to a farmer near the farm they were visiting. The decedent, a neighboring farmer, came along as they were carrying the hind quarters away. Defendant pursued decedent, shot him through the chest at close range with a shotgun, and then reloaded and fired again with the gun next to decedent's temple. The shotgun used to kill the victim and the rifle used to kill the steer were thrown in the Wabash River later that day.

Following the prosecutor's recitation, the trial judge asked defendant whether it was accurate. He responded that the prosecutor made it sound "juicy" and that although part of it was true, he had previously made a statement that the victim had a pistol and shot at him three times. The record indicates there was no factual basis for that contention. The judge asked defendant whether he wished to raise a defense, in which case the court would strike the plea and allow him to plead not guilty. The defendant stated that he was not intending to raise a defense, nor did he wish to withdraw his plea of guilty. Mr. Asher explained to the court that defendant was not trying to interpose a plea of self-defense; rather, he wanted to advise the court that it was his contention that the victim had a gun which was believed to be a mitigating factor. The court again asked defendant

whether he wished to persist in his plea of guilty or whether he wanted to interpose a defense. Defendant repeatedly answered that he did not want to withdraw his plea, nor was he trying to plead self-defense. At one point during the extended colloquy the defendant made the statement, "I've already waived the right for counsel, so I just plead guilty." The court eventually accepted the plea of guilty and found that it had a factual basis.

Defendant subsequently appeared for sentencing on October 21, 1975, indicated he did not wish to make a statement in his own behalf, and was sentenced to a term of 30 years to life imprisonment, the trial judge commenting that the crime was about as senseless and cold blooded as one can imagine. No question is now raised concerning the factual basis for the plea of guilty or the possibility of a defense.

Defendant argues, relying primarily upon language in *People v. Hessenauer* (1970), 45 Ill. 2d 63, that he is entitled to a new sentencing hearing because he was not again advised by the court at his sentencing hearing of his right to counsel. The appellate court, noting that the opinions of that court were in conflict, agreed. 98 Ill. App. 3d 71; compare *People v. Taylor* (4th Dist. 1975), 31 Ill. App. 3d 987, and *People v. Miles* (5th Dist. 1974), 20 Ill. App. 3d 131 (holding that a valid waiver of counsel at an early stage of the proceeding does not continue in effect through a subsequent stage), with *People v. Kious* (5th Dist. 1979), 77 Ill. App. 3d 1005; *People v. McCaffrey* (2d Dist. 1975), 29 Ill. App. 3d 1088, overruling *People v. Hinkle* (2d Dist. 1971), 1 Ill. App. 3d 202; and *People v. Bobo* (3d Dist. 1975), 33 Ill. App. 3d 274 (holding that a waiver of counsel, once made and not retracted, is operative throughout the proceedings).

In *Hessenauer* this court considered whether the defendant was denied the assistance of counsel at his arraignment at which he pleaded guilty. The trial court had

granted defendant's request for appointed counsel when he appeared for a preliminary hearing; however, when the defendant subsequently appeared *pro se* for his arraignment and entered his plea of guilty, the judge made no inquiry concerning the absence of the attorney (who had never in fact consulted with defendant), nor did he ask defendant whether he wished to proceed without counsel. It was in that context that this court made the statement upon which defendant relies: "A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." (45 Ill. 2d 63, 68.) Unlike the factual setting in *Hessenauer*, the issue presented here is whether defendant's competent waiver of counsel at his arraignment, after being advised that he had a constitutional right to the representation of appointed counsel at every stage of the proceedings, was operative at the time of sentencing. On this record, we believe that it was.

While it is now well established that a defendant has a constitutional right to be represented by counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected" (*Mempa v. Rhay* (1967), 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340, 88 S. Ct. 254, 257), and that sentencing is one such stage (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 781, 36 L. Ed. 2d 656, 661, 93 S. Ct. 1756, 1759; *McConnell v. Rhay* (1968), 393 U.S. 2, 21 L. Ed. 2d 2, 89 S. Ct. 32; *Mempa v. Rhay* (1967), 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254), a defendant has a correlative constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525; see also *People v. Sinko* (1960), 21 Ill. 2d 23, 26).

Thus, a defendant may competently waive counsel if such an election is voluntary and constitutes "a knowing and intelligent relinquishment or abandonment of a known right or privilege." *Edwards v. Arizona* (1981), 451 U.S. 477, 482, 68 L. Ed. 2d 378, 385, 101 S. Ct. 1880, 1883; *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023; *People v. Johnson* (1979), 75 Ill. 2d 180, 187.

Defendant was advised numerous times before entering his plea of guilty that he had a constitutional right to appointed counsel at all stages of the proceedings. He could have competently waived appointed counsel without ever consulting with an attorney. (*People v. Bush* (1965), 32 Ill. 2d 484, 488.) Nevertheless, considering the seriousness of the offense, the trial judge, with defendant's consent and prior to accepting the waiver, appointed an attorney to further advise defendant and to allow him time to consider the consequences of waiving counsel. After three lengthy consultations with the court-appointed attorney who repeatedly urged defendant not to persist in his waiver of counsel, defendant appeared for arraignment, expressed his understanding of his rights and the offense with which he was charged, and insisted on proceeding *pro se*. The record clearly establishes that his election to do so was voluntarily, knowingly and understandingly made. Under these circumstances, we do not believe the trial judge was required to renew the offer of counsel or ascertain whether defendant had changed his mind when he appeared for sentencing two weeks later.

The greater number of courts considering the precise issue here presented have held that a competent waiver of counsel by a defendant once made before the court carries forward to all subsequent proceedings unless defendant later requests counsel or there are circumstances which suggest that the waiver was limited to a

particular stage of the proceedings. *State v. Carpenter* (La. 1980), 390 So. 2d 1296, 1299; *State v. Harig* (1974), 192 Neb. 49, 59, 218 N.W.2d 884, 890-91,*reaffirmed, State v. Tiff* (1977), 199 Neb. 519, 531-32, 260 N.W.2d 296, 303; *State v. Steed* (1973), 109 Ariz. 137, 139, 506 P.2d 1031, 1033; *State v. Mathis* (1968), 39 Wis. 2d 453, 459, 159 N.W.2d 729, 732; *Hodge v. United States* (9th Cir. 1969) (*en banc*), 414 F.2d 1040, 1044; *Arnold v. United States* (9th Cir. 1969), 414 F.2d 1056, 1059, *cert. denied* (1970), 396 U.S. 1021, 24 L. Ed. 2d 514, 90 S. Ct. 593; *Panagos v. United States* (10th Cir. 1963), 324 F.2d 764, 765; *Davis v. United States* (8th Cir. 1955), 226 F.2d 834, *cert. denied* (1956), 351 U.S. 912, 100 L. Ed. 1446, 76 S. Ct. 706; see also *United States v. Washington* (3d Cir. 1965), 341 F.2d 277, 286; *State v. Enright* (1967), 108 N.H. 227, 231 A.2d 628. *Cf. Chessman v. Teets* (1957), 354 U.S. 156, 1 L. Ed. 2d 1253, 77 S. Ct. 1127 (*ex parte* settlement of State court record in a capital case violated petitioner's constitutional right to due process; if the State chose to deny petitioner's request to appear in those proceedings *in propria persona*, it was incumbent on the State to appoint counsel for him notwithstanding the prior waiver of counsel at trial where petitioner represented himself); *Kuehnert v. Turner* (1972), 28 Utah 2d 150, 499 P.2d 839 (petitioner's right to counsel at sentencing was violated when he appeared *pro se* and the trial judge made no inquiry concerning the absence of counsel who had represented petitioner at the time the plea of guilty was entered); *In re Haro* (1969), 71 Cal. 2d 1021, 1028-29, 458 P.2d 500, 505-06, 80 Cal. Rptr. 588, 593 (respondent's misdemeanor conviction was improperly used to enhance sentence on subsequent conviction where the record showed that at the time respondent changed his plea to guilty and received his misdemeanor sentence, he was not represented by the previously appointed counsel and

the court did not ask him whether he nevertheless wished to proceed without counsel); *Schell v. United States* (7th Cir. 1970), 423 F.2d 101, 103 (defendant's waiver of counsel in March when he pleaded guilty was not effective at September sentencing because of the lapse of six months between the hearings, a change in posture of the case due to events in the interim and questions concerning the validity of the March plea).

In *Davis v. United States* (8th Cir. 1955), 226 F.2d 834, a case subsequently relied upon in many of the reported decisions, the court considered a factual situation similar to that presented here. The court found that the defendant had competently, intelligently, and understandingly waived his right to counsel at his arraignment. While recognizing that defendant had a right to counsel at sentencing, the court stated:

"It would be straining human credulity to say that [defendant] did not possess the same knowledge and intelligence four days later on June 7th. The sentencing of Davis on June 7th was but an extension of the arraignment proceedings. It could have followed immediately and no question could have been raised as to its propriety. Undoubtedly the trial judge, in deferring sentence until June 7th, did so in order that he could receive a presentence report from the probation officer. The fact that the sentencing took place four days after the arraignment could create a need for further inquiry only if something transpired in the interim which justified such further inquiry, such as a request by Davis for counsel and advice when he appeared for sentencing. Davis made no request and made no statement, and accordingly Judge Joyce was entirely justified in taking his prior refusal of counsel as 'definite'. There was indeed an implied waiver of counsel as to any proceedings subsequent to June 3, 1935. If this were not true, it would mean that in all criminal proceedings where the defendant competently waived the right to counsel and nothing happened in the meantime, such as an unreasonable lapse of time, newly discovered evidence which might require or justify advice of counsel,

new charges brought, a request from the defendant, or similar circumstances, he would nevertheless have to be interrogated in the same fashion on each subsequent step therein. That would be neither good law nor good sense." 226 F.2d 834, 840.

This court's decision in *People v. Barker* (1975), 62 Ill. 2d 57, which is not cited by either party here, does not compel a different result. The defendant there had pleaded guilty to the offense of theft over $150 and was placed on probation for three years. When he subsequently appeared before the court for an arraignment hearing on a petition to revoke his probation, he was not advised of either the nature of the charges contained in the petition to revoke or the minimum and maximum sentences prescribed for the original offense. (See *People v. Barker* (1974), 23 Ill. App. 3d 598, 601.) He waived counsel and later appeared for a contested hearing, at which time his probation was revoked and a sentence of not less than three years and four months and not more than 10 years was imposed. The appellate court reversed and remanded, holding that the circuit court's failure to admonish defendant in accordance with Supreme Court Rule 401(a) (50 Ill. 2d R. 401(a)) rendered the waiver of counsel invalid because such admonitions were necessary in order to ascertain whether the waiver was "knowingly and understandingly" entered. (23 Ill. App. 3d 598, 601.) This court affirmed the appellate court, holding that a waiver of counsel at a probation revocation proceeding should not be approved unless the record shows that the offender knowingly and understandingly rejected an offer of appointed counsel. The court concluded that the record failed to show a knowing and understanding waiver, and set forth the appropriate standard, commensurate with that contained in Rule 401(a), which would henceforth be applied to determine whether an offender has competently waived counsel at a probation revocation proceeding.

In contrast to *Barker,* the record here shows that

defendant was fully admonished in accordance with Rule 401 at his arraignment, and that he competently waived the right to counsel after being advised that this right attached at all stages of the proceedings. In the absence of some circumstances indicating that the waiver is limited, or other facts which would give the trial court reason to conduct a further inquiry, we hold, consistent with the weight of authority, that a competent waiver of counsel at arraignment by a defendant who is advised that he has a constitutional right to counsel at all stages of the proceedings is operative at the time of sentencing.

Defendant further argues that his sentence of 30 years to life imprisonment must be vacated because a term of life imprisonment was not a possible sentence at the time it was imposed. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1.) The appellate court found that such a sentence was authorized under the 1975 sentencing scheme, after initially noting that the point had been waived since it was not raised in defendant's post-conviction petitions and, in any event, was not an issue cognizable under the Post-Conviction Hearing Act because it is not of constitutional magnitude. (98 Ill. App. 3d 71, 75.) Because the issue is not of constitutional stature (*People v. Seidler* (1974), 18 Ill. App. 3d 705) and was not raised in either of the post-conviction petitions, we will not now consider it. Ill. Rev. Stat. 1979, ch. 38, par. 122—3; *People v. Brouhard* (1972), 53 Ill. 2d 109, 114; *People v. French* (1970), 46 Ill. 2d 104, 108.

For the reasons stated, the judgment of the appellate court is reversed. The judgment of the circuit court of Clark County dismissing defendant's petitions for post-conviction relief is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*