(text box: 1) NO. 5-98-0338

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  White County. 

)

v. )  No. 96-CF-192

)

JEFFREY BLANEY, )  Honorable

)  George W. Timberlake,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

Jeffrey Blaney (defendant) was convicted after a jury trial in the circuit court of White County of attempted murder, armed violence, and aggravated battery with a firearm.  He was sentenced to 45 years' imprisonment for attempted murder.  Defendant appeals, contending that he was denied both a fair trial and his right to appointed counsel.  Defendant also contends that his convictions for armed violence and aggravated battery with a firearm must be vacated and the mittimus must be amended to reflect that defendant is eligible to receive good-time credit.  The State concedes these last two issues (see 
People v. King
, 66 Ill. 2d 551, 363 N.E.2d 838 (1977); 
People v. Damico
, 309 Ill. App. 3d 203, 722 N.E.2d 194 (1999)), and accordingly they will not be discussed further.  As for the first two issues, we find no merit in defendant's contentions and therefore affirm defendant's conviction for attempted murder.

On November 9, 1996, at approximately 8:30 in the morning, Virginia Beach, Virginia, police officer Johnson, while patrolling the resort area of Virginia Beach, was informed that a vehicle registered to defendant was parked at the Holly Kove Motel.  Because there was an outstanding warrant on defendant, Officer Johnson drove toward the motel to watch defendant's car.  As she approached the motel, she spotted defendant's car exiting the parking lot.  The physical characteristics of the driver of the car matched the description of defendant.  Officer Johnson followed the car for less than a block and activated her vehicle's lights to pull defendant's car over.  Officer Johnson stopped and called her dispatcher.  As she did so, both the driver and the passenger of the stopped vehicle exited the car.  The passenger, a male juvenile, stood by the car; the driver began to walk away from Officer Johnson.  Officer Johnson caught up to defendant in her vehicle and instructed him to return to his car.  Defendant continued to run away.  Officer Johnson attempted to block defendant with her car, but he was able to escape through an alley.  Officer Johnson exited her vehicle and chased defendant on foot.  Defendant eventually stopped running, turned around, and shot at Officer Johnson.  Officer Johnson saw something silver in defendant's hand, heard a bang, and saw smoke.  Officer Johnson dropped to the ground, and when she got back up, defendant was gone.  She returned to the location where defendant abandoned his car, but the car was gone.  Later that day the passenger was apprehended.  Four days later, a jacket the passenger had been wearing was found in an alley a block away from where defendant's car had been pulled over.  A .357-caliber handgun and a gray tote sock were found in the jacket.

Two days later, on November 11, 1996, Illinois State Police Trooper Ernie Johnson was patrolling Interstate 64 in a marked police vehicle.  At approximately 1 p.m. he pulled over for speeding a maroon Honda Civic with Virginia dealer plates.  Trooper Johnson exited his vehicle and waited between his vehicle and the Honda for traffic to clear.  He observed only one individual in the car.  As Trooper Johnson reached the rear bumper of the Honda, the driver leaned out of his car and raised his arms.  Trooper Johnson saw a piece of gray material and then the driver's hand fly up from the recoil of a weapon.  Trooper Johnson was shot in the abdomen, below his bulletproof vest.  Trooper Johnson fell between the cars, and the driver drove away.  Trooper Johnson shot at the Honda and called for help.  He later identified defendant as the driver of the Honda.

The call went out that an officer was down.  Numerous law enforcement members began searching for the shooter.  Wayne County Deputy Larry Eckelberry, responding to the call, spotted a maroon Honda with Virginia plates on Route 45 being followed by law enforcement vehicles.  Eckelberry watched the Honda run into a ditch and a man run from the car.  He stopped his vehicle, looked in the Honda to see if anyone else was in the car, and then pursued the man on foot.  When Eckelberry caught up to the driver, two other officers already had him at gunpoint and were telling him to get on the ground.  The man threw a gun down and eventually dropped to the ground.  Eckelberry picked up what turned out to be a gun inside a gray sock.  Two rounds had been fired from the revolver.  Defendant was identified as the man being chased.  In searching the Honda, the officers found a loaded .22-caliber double-barrel derringer and ammunition for a .357-caliber weapon and a .38-caliber "spear shot."  Once in custody, defendant told the police that he thought the trooper had on a bulletproof vest and that he would not have shot him otherwise.  He claimed that he just wanted to knock the trooper down so he could get away.  He also told the officers that if he wanted to kill the trooper, he would have gotten out of the car and "finished the job."  The jury did not believe defendant's claims and found him guilty of attempted murder.

Defendant first argues on appeal he was deprived of a fair trial by the admission of other-crimes evidence, including photographs of all the weapons and ammunition recovered both in Illinois and in Virginia.  We disagree.  Evidence of prior wrongful acts is not admissible to show a propensity to commit crimes, but it is admissible for any other reason if relevant to establish material matter.  
People v. Robinson
, 167 Ill. 2d 53, 62, 656 N.E.2d 1090, 1094 (1995); 
People v. Illgen
, 145 Ill. 2d 353, 364-65, 583 N.E.2d 515, 520 (1991).  Evidence is considered relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of an action more or less probable than it would be without the evidence.  
Illgen
, 145 Ill. 2d at 365-66, 583 N.E.2d at 520; 
People v. Turner
, 240 Ill. App. 3d 340, 352, 608 N.E.2d 141, 150 (1992).  When other-crimes evidence is offered, the trial court must weigh the relevance of such evidence to establish the purpose for which it is offered against the prejudicial effect the introduction of that evidence may have upon the defendant.  
Robinson
, 167 Ill. 2d at 63, 656 N.E.2d at 1094; 
People v. Stewart
, 105 Ill. 2d 22, 62, 473 N.E.2d 840, 860 (1984).  The decision of the trial court regarding the admissibility of other-crimes evidence will not be disturbed on review absent a clear showing of abuse of discretion.  
Turner
, 240 Ill. App. 3d at 353, 608 N.E.2d at 150.

The trial court, in this instance, ruled that the other-crimes evidence the State wished to present was admissible to show motive, intent, and identity.  The trial court specifically found the similarity of the shootings to be quite high.  Contrary to defendant's contentions, we agree with the ruling of the trial court.  Defendant argues that the incidents are different because of such factors as where they occurred (rural or urban) and whether there was a passenger in the car.  Dissimilarities will always exist between independent offenses, however.  
Illgen
, 145 Ill. 2d at 373, 583 N.E.2d at 524.  What defendant fails to recognize is that each time he was stopped and confronted by police authority, he attempted to flee by shooting at the officer with a gun in a gray sock.  Mere general areas of similarity will suffice when evidence of the defendant's involvement in another offense is offered to prove the absence of an innocent frame of mind or the presence of criminal intent.  
Illgen
, 145 Ill. 2d at 373, 583 N.E.2d at 523.  The evidence was relevant to explain why a person stopped for a mere traffic violation would improbably shoot the approaching officer without warning.  The evidence also tends to disprove defendant's lack of intent to harm or kill the officer.  Evidence which shows that an event was not caused by accident tends to show that it was caused intentionally.  
Illgen
, 145 Ill. 2d at 366, 583 N.E.2d at 520.  Moreover, the requisite mental state may be inferred from defendant's conduct and the circumstances surrounding his commission of the crime.  
People v. Bailey
, 265 Ill. App. 3d 262, 273, 638 N.E.2d 192, 199 (1994).  We agree that the evidence of the shooting in Virginia did not make a mere showing of propensity toward violence; rather, it was highly probative of identity, as well as defendant's intent and motive in committing the shooting.  Clearly, the evidence's probative value to explain otherwise improbable behavior far outweighed any prejudice to defendant.  We therefore find no abuse of the court's discretion in admitting evidence pertaining to the incident in Virginia.  We, likewise, find no abuse of discretion with respect to the admission of evidence pertaining to the ammunition and the loaded .22-caliber derringer found in the Honda after defendant's arrest.  Both of the loaded weapons were in defendant's possession in the car when he shot Trooper Johnson, and neither weapon was eliminated as the gun used to shoot him.  We agree there was a sufficient connection between the weapons and the crime for their admission as evidence at the trial.

Defendant also argues on appeal that he was denied his right to appointed counsel when the trial court refused to appoint counsel for his sentencing.  Defendant is correct in asserting that sentencing is a critical stage of criminal proceedings, in which a defendant has a constitutional right to representation by counsel.  See 
People v. Baker
, 92 Ill. 2d 85, 90, 440 N.E.2d 856, 858 (1982).  On the other hand, a defendant also has a constitutional right to proceed without counsel when he or she voluntarily and intelligently elects to do so.  
Baker
, 92 Ill. 2d at 90, 440 N.E.2d at 858.  The right of self-representation does not carry with it a corresponding right to legal assistance, and one choosing to represent himself or herself must be prepared to do just that.  
People v. Redd
, 173 Ill. 2d 1, 38, 670 N.E.2d 583, 601 (1996); 
People v. Taggart
, 233 Ill. App. 3d 530, 556-57, 599 N.E.2d 501, 519-20 (1992).  Absent significantly changed circumstances or a later request for counsel, an intelligently and knowingly made waiver of counsel applies to all phases of the trial.  
Redd
, 173 Ill. 2d at 24, 670 N.E.2d at 595; 
Baker
, 92 Ill. 2d at 91-92, 440 N.E.2d at 859.  More importantly, the constitutional right to self-representation does not require a court to permit a "hybrid" representation in which a defendant alternates between proceeding 
pro se
 and being represented by counsel.  
Redd
, 173 Ill. 2d at 38, 670 N.E.2d at 601; 
Taggart
, 233 Ill. App. 3d at 557, 599 N.E.2d at 520.  A defendant has no right to select from or experiment with counsel appointed to him or her to the detriment of the orderly process of law.  
People v. Rivers
, 61 Ill. App. 3d 376, 384, 377 N.E.2d 1245, 1251 (1978); 
People v. Leman
, 95 Ill. App. 2d 212, 218, 238 N.E.2d 213, 216 (1968).

On November 12, 1996, the trial court appointed an attorney to represent defendant.  On April 17, 1997, defendant filed a written motion to represent himself.  He withdrew that motion later the same day.  On April 21, 1997, jury selection began.  On April 22, after the lunch recess, defendant filed a motion to waive appointed counsel.  After advisement, defendant was permitted to proceed 
pro se
.  After being convicted, defendant, on May 12, 1997, filed a motion for appointment of counsel for sentencing, as well as a motion for a new trial.  On May 13, 1997, the trial court appointed defendant a new attorney.  The court explained to defendant that appointed counsel was not to be his advisor but was to represent him at the sentencing hearing and for any posttrial motions.  This attorney subsequently was permitted to withdraw because of ties to the victim.  On May 20, another attorney was appointed to represent defendant.  This attorney filed a motion to continue the sentencing hearing and requested an extended time limit for filing a motion for new trial.  His motion for new trial was filed on August 11, 1997.  On August 19, defendant filed a 
pro se
 motion for leave to file a motion requesting an extension of time in which to file an amended motion for new trial.  On September 23, 1997, defense counsel argued a motion in arrest of judgment and had begun to argue the motion for new trial when defendant informed him that he wished to dismiss him.  Defendant told the court that his posttrial motion counsel was ineffective.  The court informed defendant that he could choose to proceed 
pro se
 or with counsel but that defendant's lawyer-shopping was over and that the court would no longer appoint another attorney because defendant was dissatisfied with particular rulings.  Defendant replied he wanted an "effective" attorney and not the one appointed to him.  He then requested a continuance to prepare a defense and again asked for the appointment of another attorney.  When his requests were denied, defendant asked to proceed 
pro se
.  The court granted defendant's request and set the sentencing hearing date for October 8, 1997.  Defendant asked if he could request counsel for that hearing.  The court answered no and granted his requests for access to the law library and transcripts.  Two days before the sentencing hearing, defendant again requested the appointment of a public defender who would provide effective assistance of counsel.  The court denied this request, explaining that defendant had already dismissed two attorneys and could not choose at which hearings he would be represented and at which hearings he would not be.  We agree that the court had provided defendant enough in the way of representation.  Defendant's refusal to accept appointed counsel operated as a waiver of counsel.  See 
Rivers
, 61 Ill. App. 3d at 386, 377 N.E.2d at 1252.  His request for "effective" counsel was nothing more than a request to select from or experiment with appointed counsel to the detriment of the orderly process of law.

For the aforementioned reasons, we affirm the conviction for attempted murder, we vacate the convictions for armed violence and aggravated battery with a firearm, and we correct the mittimus to reflect that defendant is eligible to receive day-for-day good-conduct credit against his sentence (see 
People v. Bashaw
, 304 Ill. App. 3d 257, 259, 710 N.E.2d 555, 556 (1999)).  

Affirmed in part and vacated in part; mittimus corrected.

MAAG and GOLDENHERSH, JJ., concur.

                                      

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/01/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.