NOT DESIGNATED FOR PUBLICATION

No. 114,378

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY L. TURNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed September 16, 2016. Affirmed.

*Adam M. Hall*, of Collister & Kampschroeder, of Lawrence, for appellant.

*Julia Leth-Perez*, legal intern, *Natalie Yoza*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*: Timothy Turner, who had a prior misdemeanor conviction for possession of marijuana, was charged in a later incident with felony possession of marijuana. Turner pled no contest to this charge, and the district court found him guilty. Turner's criminal history consisted of 1 person juvenile adjudication and 13 person misdemeanor convictions, including his prior marijuana conviction. Turner did not object to his criminal history. The court sentenced Turner to 42 months in prison. This court affirmed Turner's sentence on appeal.

1

Turner then filed a motion to correct an illegal sentence. One of his claims was that his sentence was based on his prior misdemeanor marijuana conviction in municipal court when he was not represented by counsel. According to Turner, he did not effectively waive his right to counsel in that case, so his uncounseled municipal conviction was unconstitutional and could not be used as a basis to enhance his sentence in his current case. Turner later moved to withdraw his plea, and that motion was heard along with his motion to correct an illegal sentence.

At the hearing on Turner's motions no witnesses testified, but the court considered various documents relating to Turner's municipal court conviction. Turner acknowledged the municipal court record of his prior misdemeanor possession of marijuana conviction indicated he waived the right to counsel and pled guilty on June 25, 2008. But his counsel stated:

> "I will leave it up to the Court to find whether or not that docket sheet that appears to show [Turner] appears pro se, possession of marijuana, guilty, with a 7/25/08 date, and whether that is enough proof to show that that relates to the waiver and makes it a valid waiver."

At the hearing, the district court was not called upon to make credibility determinations regarding the testimony of any witness. The hearing was confined to an examination of several written documents, which we are in as good a position as the district court to evaluate. Thus, our consideration of the documents is de novo. See *Telegram Publishing Co. v. Kansas Dept. of Transportation*, 275 Kan. 779, 784, 69 P.3d 578 (2003). The documents show:

> August 17, 2007—City of Lawrence citation issued to Turner for possession of marijuana and various driving violations. Court date:  September 12, 2007.

2

September 12, 2007—Turner's original court appearance date. Turner fails to appear. Bench warrant to be issued.

September 26, 2007—Bench warrant issued.

January 9, 2008—Turner posts cash bond.

January 23, 2008—Turner appears for arraignment and pleads not guilty. Trial is set for March 28, 2008. This trial date must have been continued. There is no reference to any court action in the case on March 28, 2008.

July 25, 2008—Turner appears and pleads guilty to possession of marijuana. Sentencing is scheduled for September 16, 2008. This same date Turner signs a "Waiver of Counsel and Plea Advisory." The municipal judge certifies that Turner signed the waiver in the judge's presence and that Turner had been fully informed of the charges and his right to counsel. There is no entry of any court action in the case on September 16, 2008. From the next entry it appears that Turner did not appear for sentencing as ordered by the court.

December 8, 2008—Bench warrant issued. Turner is apparently in jail and scheduled for release on April 2, 2009.

April 2, 2009—Municipal court disposition hearing. Document notes the charge of possession of marijuana and the finding of guilty. Court imposes $200 fine plus various costs and fees.

The district court denied Turner's motion to correct an illegal sentence.

With respect to Turner's motion to withdraw his plea, he argued that because his prior municipal conviction for possession of marijuana was invalid because his plea was taken without the benefit of counsel, he should have been charged in this current case with misdemeanor possession of marijuana rather than a felony. Thus, he should be entitled to withdraw his plea to this improper charge.

The district court denied Turner's motion to withdraw his plea, finding that he failed to show manifest injustice. This appeal is from the rulings on both motions.

*Motion to Withdraw Plea*

As a preliminary matter, the State contends that Turner's motion to withdraw his plea was untimely because it was not filed within the 1-year time period defined in K.S.A. 2015 Supp. 22-3210(e)(1), and Turner has not shown excusable neglect to extend this filing deadline. But the mandate following Turner's direct appeal was not issued until November 21, 2013. Turner filed the motion to withdraw his plea on May 6, 2014, less than 1 year later. So Turner's motion was timely.

"A person accused of a misdemeanor has a Sixth Amendment right to counsel if the sentence to be imposed upon conviction includes a term of imprisonment, even if the jail time is suspended or conditioned upon a term of probation." *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 2, 206 P.3d 518 (2009). "The right to counsel arises at the stage of the proceedings where guilt is adjudicated, eligibility for imprisonment is established, and the prison sentence determined." 288 Kan. 659, Syl. ¶ 2. A defendant may exercise the right to self-representation only after a knowing and intelligent waiver of the Sixth Amendment right to counsel. *State v. Vann*, 280 Kan. 782, 793, 127 P.3d 307 (2006).

Turner acknowledges that the waiver of his right to counsel in municipal court was valid at the time he executed it. But he argues the waiver lost its validity when so much

4

time passed between the time he entered it "and the actual entry of a plea other than not guilty." This is premised on the contention that he did not enter his guilty plea on the day he executed the waiver but later at the disposition hearing. He also makes the related argument that his guilty plea exceeded the waiver's scope. This argument is premised on the contention that the waiver he signed contemplated an immediate plea which did not occur.

We conclude from the documents set forth above that on July 25, 2008, Turner appeared in court and signed a valid waiver of his right to counsel and entered a plea of guilty. Thus, the premise for both of Turner's arguments is not supported by the facts.

But even if, contrary to the facts that we and the district court found, Turner did not enter his plea until April 2, 2009, the day of his disposition hearing, the delay did not invalidate his prior waiver of his right to counsel.

Turner relies on a law review article, *Goldschmidt, Has He "Made his Bed and Now Must Lie in It"? Toward Recognition of the Pro Se Defendant's Sixth Amendment Right to Post-Trial Readmonishment of the Right to Counsel*, 8 DePaul J. for Soc. Just. 287 (2015), to support the contention that his prior valid waiver of the right to counsel expired with the passage of time. In fact, this law review article recognizes that many federal and state courts do not require that the trial court readmonish the defendant regarding the right to counsel when the defendant previously waived that right. 8 DePaul J. for Soc. Just. 287, 353-74.

A case that exemplifies the ongoing validity of a waiver of counsel is *United States v. Hantzis*, 625 F.3d 575, 581 (9th Cir. 2010). There, the court held that a waiver of the right to counsel need not be renewed in subsequent proceedings "unless intervening events substantially change the circumstances" existing at the time of the waiver to the

extent that "the defendant can no longer be considered to have knowingly and intelligently waived the right to counsel." 625 F.3d at 580-81. The court stated:

> "'A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case unless appointment of counsel for subsequent proceedings is expressly requested by the defendant or there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings.' [Citations omitted.]" 625 F.3d at 581.

Similar holdings are found in *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (the general rule of federal courts is "that a defendant's waiver of counsel at trial carries over to subsequent proceedings absent a substantial change in circumstances"); *United States v. Unger*, 915 F.2d 759, 762 (1st Cir. 1990) (the district court was free to find that the defendant's earlier waiver was still in force at the sentencing hearing in the absence of intervening events); *United States v. Fazzini*, 871 F.2d 635, 643 (7th Cir. 1989) ("Once the defendant has knowingly and intelligently waived his right to counsel, only a substantial change in circumstances will require the district court to inquire whether the defendant wishes to revoke his earlier waiver."); *Arnold v. United States*, 414 F.2d 1056, 1059 (9th Cir. 1969) (a new waiver need not be obtained at every subsequent court appearance of the defendant after a competent waiver of the right to counsel); *Davis v. United States*, 226 F.2d 834, 840 (8th Cir. 1955) (same); *People v. Baker*, 92 Ill. 2d 85, 91-92, 440 N.E.2d 856, 860-61 (1982) ("The greater number of courts considering the precise issue here presented have held that a competent waiver of counsel by a defendant once made before the court carries forward to all subsequent proceedings unless defendant later requests counsel or there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings."); *accord State v. Steed*, 506 P.2d 1031, 1033 (Ariz. 1977); *State v. Carpenter*, 390 So. 2d 1296, 1299 (La. 1980); *State v. Tiff*, 199 Neb. 519, 531-32, 260 N.W.2d 296 (1977); *Lay v. State*, 2008 OK 7, ¶ 11, 179 P.3d 615, 620 (2008) (defendant's "waiver of counsel was valid for the entire trial, including the sentencing

phase"); *State v. Modica*, 136 Wash. App. 434, 445, 149 P.3d 446 (2006) ("[A] valid waiver of the right to assistance of counsel generally continues throughout the criminal proceedings, unless the circumstances suggest that the waiver was limited . . . . [I]t is not ordinarily incumbent upon a trial court to intervene at a later stage of the proceedings to inquire about a party's continuing desire to proceed pro se."); *State v. Mathis*, 39 Wisc. 453, 459, 159 N.W.2d 729 (1968).

With respect to Turner's first argument, we find (and Turner asserts) no change of circumstances that would have required the district court to reaffirm at the April 2, 2009, disposition hearing Turner's earlier waiver of his right to counsel. Further, Turner never asserted his right to counsel or sought to revoke his waiver at this later disposition hearing.

With respect to Turner's second argument, his original waiver of his right to counsel was not predicated on any particular time period, so the later uncounseled proceedings on April 2, 2009, did not exceed the scope of the waiver.

Finally, Turner's reliance on *Menefield v. Borg*, 881 F.2d 696 (9th Cir. 1989), is unfounded. In *Menefield* the defendant waived the right to counsel and proceeded to trial pro se. After being convicted, he asked the trial court to appoint counsel to assist him in preparing a motion for a new trial. The trial court denied this request. The Ninth Circuit concluded that the defendant's prior waiver did not bar his later request for counsel. Unlike in *Menefield*, Turner never sought to disavow or revoke his prior waiver of his right to counsel by later affirmatively requesting the appointment of counsel. *Menefield* provides no assistance to Turner.

The district court did not err in denying Turner's motion to withdraw his plea.

7

*Motion to Correct an Illegal Sentence*

K.S.A. 22-3504(1) provides that "[t]he court may correct an illegal sentence at any time."

> "'[A]n "illegal sentence" under K.S.A. 22-3504 [is]: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Turner challenges the district court's use of his prior misdemeanor marijuana conviction to enhance his current sentence, asserting the prior conviction was obtained in violation of his right to counsel. The States contends this motion is not the appropriate procedural vehicle to raise this challenge to his prior municipal court conviction. But Turner alleges the municipal court conviction produced an erroneous crime severity level, and he would have been convicted of a misdemeanor offense but for the improper consideration of his uncounseled municipal court conviction. We conclude that Turner's motion to correct an illegal sentence is an appropriate procedural vehicle to assert this challenge. See *State v. Delacruz*, 258 Kan. 129, 899 P.3d (1995).

In considering this claim we apply the same legal analysis to the facts described above and, without becoming unduly repetitious, conclude that the district court did not err in denying Turner's motion to correct an illegal sentence. The sentence for Turner's felony conviction was predicated upon Turner having a prior conviction for misdemeanor possession of marijuana. Turner contends this was error because his prior uncounseled municipal court conviction was invalid and could not be used to support a felony conviction. But Turner waived his right to counsel in municipal court, so the district court properly considered it in sentencing Turner for felony possession of marijuana. The court did not err in denying his motion to correct an illegal sentence.

Affirmed.